McDONALD, APPELLANT, *v.* KEITER, SHERIFF, APPELLEE.

(No. 70-488—Decided March 24, 1971.)

282

*Messrs. Withrow & Ratchford* and *Mr. Jack W. Hutton,* for appellant.

*Mr. Lee G. Falke,* prosecuting attorney, and *Mr. Leonard P. Zdara,* for appellee.

*Per Curiam.* Appellant here contends that a court-appointed psychiatrist has determined that he is sane, and that his commitment to the Lima State Hospital by the Montgomery County Court of Common Pleas is, therefore, unlawful.

It has been held that one who pleads "not guilty by

reason of insanity," and who has been committed to the Lima State Hospital, is not deprived from thereafter seeking a writ of habeas corpus for the purpose of showing that he is sane and, therefore, unlawfully restrained of his liberty. *In re Remus* (1928), 119 Ohio St. 166, 162 N. E. 740. The General Assembly has expressly provided (R. C. 2945.39) that the constitutional privilege to the writ of habeas corpus exists in addition to the statutory procedure for obtaining release from the Lima State Hospital set forth in that section.

Turning to the instant record, we find that appellant was in the custody of the respondent, the Sheriff of Montgomery County, at the time the petition seeking a writ of habeas corpus was filed in the Court of Appeals for that county. However, it was conceded by appellant's counsel during oral argument before this court that appellant presently is confined in the Lima State Hospital and, therefore, has been discharged from the temporary custody of the Sheriff of Montgomery County.

Since the appellant has been discharged from the custody of respondent, the questions presented by this appeal are now moot. *Sakacsi* v. *McGettrick* (1967), 9 Ohio St. 2d 156, 224 N. E. 2d 527; *Smith* v. *Sacks* (1961), 172 Ohio St. 59, 172 N. E. 2d 915; *State, ex rel. Shaw,* v. *Switzer* (1952), 158 Ohio St. 329, 109 N. E. 2d 8. See *Miner* v. *Witt* (1910), 82 Ohio St. 237, 92 N. E. 21.

*Appeal dismissed.*

O'NEILL, C. J., SCHNEIDER, HERBERT, DUNCAN, CORRIGAN, STERN and LEACH, JJ., concur.