OPINION AND JOURNAL ENTRY
This cause arises as a Petition for Writ of Habeas Corpus whereby petitioner alleges he is wrongfully incarcerated by the State of Ohio.
The facts indicate that petitioner was convicted of robbery and sentenced on August 13, 1990 to a term of three years minimum to fifteen years maximum. In 1992, petitioner was released on parole.
On June 16, 1997, petitioner was due to report to his parole officer. When he did not report, petitioner was arrested on June 23, 1997 for failure to report and also charged with Escape, in violation of R.C. 2921.34. On July 3, 1997, petitioner was indicted for Escape. The trial court dismissed the Escape charge on February 6, 1998. An appeal of that dismissal was filed by the Ohio Adult Parole Authority (OAPA). On September 8, 1998, the Lucas County Court of Appeals upheld the trial court's dismissal of the Escape charge.
On June 30, 1997, petitioner received a Notification of Release Violation field hearing, to be held on July 7, 1997. Petitioner alleges that he requested an attorney to represent him when he was given the Notification on June 30, 1997. This hearing was not held and petitioner alleges that it was cancelled by his parole officer.
On February 17, 1998, petitioner finally received his parole revocation field hearing, at which time probable cause was found to revoke petitioner's parole. Petitioner's final parole revocation hearing was held on April 10, 1998 about nine and one-half months after petitioner was arrested for his parole violation, at which time the OAPA revoked petitioner's parole. Petitioner alleges that he had again asserted his right to counsel on February 4, 1998, prior to the hearing of February 17, 1998 and none was provided to the petitioner. Petitioner also alleges that at this final hearing he was assigned an "offense category of 3" due to his Escape charges. Petitioner contends that he should have been assigned a "category 1" since he was on parole, was not guilty of Escape, and had committed only an administrative violation. An "offense category of 1" would have resulted in a maximum of fourteen months before petitioner would be eligible to be released, instead of a maximum of thirty-six months, which petitioner received. A category of 1 and sentence of an additional fourteen months would have resulted in petitioner's being available to have been released on August 23, 1998.
On September 9, 1998, petitioner filed this instant Petition for Writ of Habeas Corpus. Petitioner has attached all of his commitment papers, alleges wrongful incarceration, and properly verified his petition. Petitioner alleges that:
 1. The OAPA failed to provide the final revocation hearing within a reasonable time in violation of Coleman v. Stubbs (1986), 23 Ohio St.3d 137.
 2. That the parole violation hearing was unconstitutional in that it denied petitioner's right to counsel, and opportunity to present witnesses and evidence in his behalf.
 3. That the petition was incorrectly categorized at his parole violation hearing due to the Escape charges wrongfully placed against petitioner.
On October 9, 1998, respondent filed a Motion to Dismiss with this court. Respondent alleges that:
 1. Petitioner failed to allege with "particularity" the nature of the extraordinary circumstances entitling him to release.
 2. The appropriate remedy if the parole revocation hearing violated due process would be a new hearing and not immediate release.
 3. That petitioner has not served his maximum sentence of fifteen years.
 4. That petitioner's parole revocation hearing did not violate petitioner's constitutional rights.
On October 26, 1998, petitioner filed a response to respondent's Motion to Dismiss.
Note that habeas corpus will lie in certain extraordinary circumstances where there is an unlawful restraint of a person's liberty, notwithstanding the fact that only nonjurisdictional issues are involved, but only where there is no adequate legal remedy. Pirman v. Money (1994), 69 Ohio St.3d 591.
The revocation of parole implicates a liberty interest which cannot be denied without certain procedural protections. Morriseyv. Brewer (1972), 408 U.S. 471 and Gagnon v. Scarpelli (1973),411 U.S. 778.
Minimum due process entitles parolees to a hearing within a reasonable time following arrest and, under certain circumstances, the right to counsel. Morrisey, supra.
Thus, habeas corpus will, at times, lie to challenge an action of the OAPA since there are due process rights involved in these actions and there is no appeal from a decision of the OAPA.Jackson v. McFaul (1995), 73 Ohio St.3d 185.
On July 21, 1999, this court appointed a commissioner to conduct an evidentiary hearing on August 25, 1999. The purpose of this hearing was to take evidence to determine the reasonableness of the nine and one-half month delay between petitioner's arrest and his revocation hearing. Also to be determined was if petitioner had been wrongfully categorized as a "category 3" offense violator.
At this hearing all parties were given an opportunity to examine and cross-examine all the appropriate witnesses and enter into evidence any relevant exhibits. A transcript of the entire hearing was ordered by the petitioner. The hearing continued in excess of two hours. Due to the extensive testimony the parties were given ten days after completion of the hearing transcript in which to submit post-hearing memorandums supporting their relative positions.
Nothing further was received by this court until October 4, 1999, at which time respondent filed a Motion to Dismiss as moot. In this motion respondent notified the court by exhibit that petitioner had been released on parole on October 1, 1999.
On October 25, 1999, petitioner filed a memorandum contra to relator's Motion to Dismiss. In this filing petitioner alleges his Writ of Habeas Corpus is not moot since he is still under "detention" of the Adult Parole Authority while on parole for one year, under supervision of a State Parole Officer. Also, in this memorandum, petitioner cites to the transcript of the August 25, 1999 hearing. No transcript was filed in this court from that hearing. Thus, nothing cited from that transcript would be considered as evidence unless it was made a part of the record in a prior filing. Also, as noted by the respondent, petitioner had failed to file the memorandum within a timely fashion, since over two months had elapsed from the time of the hearing.
While all of the above is in detriment to the petitioner, none of these issues need be addressed further at this time. This court finds the petitioner's Writ of Habeas Corpus to be moot. We agree with the reasoning cited in Petrowski v. State of Ohio
(June 30, 1999), Lake App. No. 99-LW-2964, unreported, where that court stated in relevant part:
 "The purpose of a habeas corpus proceeding is for the court to conduct an inquiry into whether the petitioner is being unlawfully restrained of his or her liberty at the present time. Ball v. Maxwell
(1965), 1 Ohio St.2d 77, 78 ("To entitle one to relief by habeas corpus a determination of the action in petitioner's favor must effectuate a release from present confinement."); Tomkalski v. Maxwell (1963), 175 Ohio St. 377, 378 ("Habeas corpus is directed only to present confinement."); Page v. Green (1963), 174 Ohio St. 178, 179 ("The purpose of a proceeding in habeas corpus is to inquire into the legality of the present restraint of the petitioner.") In other words, habeas corpus will not lie if the petitioner is not presently confined.
 "Since the goal of a habeas corpus petition is to effectuate a release from present confinement, the petitioner must still be subjected to some form of custodial detention at the time the petition is adjudicated. If the petitioner's confinement in prison or jail has terminated, then the legality of such restraint can no longer be determined in a habeas corpus proceeding.
 "A petition for a writ of habeas corpus, therefore, becomes moot if the petitioner is released prior to its adjudication. Pewitt v. Lorain Correctional Inst.
(1992), 64 Ohio St.3d 470, 472; McDonald v. Keiter
(1971), 25 Ohio St.2d 281, 283. This holds true even though the petition was originally filed when the petitioner was subject to confinement."
In this case, although we had a fact finding hearing on the issues, no adjudication was reached. An adjudication is, "The determination of the issues in an action according to which judgment is rendered; * * *, after a hearing in respect to the matters determined." In this case no judgment had been reached, therefore, this matter is moot. (See Ballentine's Law Dictionary, 3d Ed. 1969).
For all the reasons cited above, petitioner's Petition for Writ of Habeas Corpus is dismissed.
Costs taxed against petitioner.
Final order. Clerk to serve a copy of this order to the parties as provided by the Civil Rules.
 ______________________________ EDWARD A. COX, PRESIDING JUDGE
 ______________________________ GENE DONOFRIO, JUDGE
 ______________________________ JOSEPH J. VUKOVICH, JUDGE