OPINION AND JOURNAL ENTRY
This cause arises as an appeal from a denial of a petition for writ of habeas corpus whereby appellant alleged he was wrongfully incarcerated since his parole was revoked after his sentence had expired.
The facts indicate that appellant was convicted of murder and sentenced to life imprisonment on December 14, 1976. In July of 1986, appellant was paroled with a condition of parole that he be placed on probation for a period of five years.
In October of 1988, appellant was again convicted and sentenced to three to five years. On December 27, 1990, this conviction was reversed, the charges dismissed, and appellant's parole reinstated as of January of 1992. Appellant's probation period was to expire in October of 1994.
On December 2, 1994, appellant was again arrested and in May of 1995 convicted and sentenced to one and one-half to five years in jail, with credit for time served while awaiting trial.
On July 30, 1996, appellant met with the Ohio Adult Parole Authority after completion of the minimum sentence for the May 1995 conviction. Appellant was informed that he was still on parole for the 1976 conviction, and alleged he had been given an additional four years.
Appellant thereafter filed a petition for writ of habeas corpus in the trial court alleging that his original probation period had expired and that he never received a revocation hearing for the 1976 parole revocation, nor any notice of his unsatisfactory completion of that probationary period. On February 13, 1997 the trial court dismissed appellant's petition.
On March 30, 1997, appellant filed an appeal of the trial court's denial of his petition for writ of habeas corpus. See 97 BA 15.
On June 13, 1997, appellant then filed a petition for a writ of habeas corpus in this court. On July 15, 1997, this petition was dismissed since the issue raised was the same issue to be addressed in the March 10, 1997 appeal. His subsequent motion for reconsideration was also denied. On August 20, 1997, appellant appealed this dismissal to the Ohio State Supreme Court. Said appeal was dismissed.
On June 29, 1998, this court sustained appellant's assignments of error, reversed the lower court's decision, and remanded the cause to the Court of Common Pleas for an evidentiary hearing "to establish whether or not the facts, as alleged by appellant, are true."
The Court of Common Pleas held an evidentiary hearing on the matter on July 21, 1998. Based on the evidence presented, the court issued an Opinion on January 22, 1999, again dismissing Ball's habeas petition. In essence, the court found that the facts alleged by Ball were not true. The case is before this court on appellant's appeal of the dismissal of his habeas petition.
On October 20, 1999, appellee filed a motion to dismiss the above appeal alleging that appellant is now released from confinement and this issue is now moot and, in the alternative, that this court no longer has jurisdiction since appellant is no longer in our district and is residing in the Veterans Hospital in Brecksville, Ohio.
Appellee's argument is well taken and this court finds appellant's writ of habeas corpus to be moot. We agree with the reasoning cited in Petrowski v. State of Ohio (June 30, 1999), Lake App. No. 99-LW-2964, unreported, where that court stated in relevant part:
 "The purpose of a habeas corpus proceeding is for the court to conduct an inquiry into whether the petitioner is being unlawfully restrained of his or her liberty at the present time. Ball v. Maxwell (1965), 1 Ohio St.2d 77, 78 (`To entitle one to relief by habeas corpus a determination of the action in petitioner's favor must effectuate a release from present confinement.'); Tomkalski v. Maxwell (1963), 175 Ohio St. 377, 378 (`Habeas corpus is directed only to present confinement.'); Page v. Green (1963), 174 Ohio St. 178, 179 (`The purpose of a proceeding in habeas corpus is to inquire into the legality of the present restraint of the petitioner.'). In other words, habeas corpus will not lie if the petitioner is not presently confined.
 Since the goal of a habeas corpus petition is to effectuate a release from present confinement, the petitioner must still be subjected to some form of custodial detention at the time the petition is adjudicated. If the petitioner's confinement in prison or jail has terminated, then the legality of such restraint can no longer be determined in a habeas' corpus proceeding.
 A petition for writ of habeas corpus, therefore, becomes moot if the petitioner is released prior to its adjudication. Pewitt v. Lorain Correctional Inst. (1992), 64 Ohio St.3d 470, 472; McDonald v. Keiter (1971), 25 Ohio St.2d 281, 283. This holds true even though the petition was originally filed when the petitioner was subject to confinement."
Assuming arguendo, that appellant is still considered incarcerated, this court would not have jurisdiction over this matter since appellant is not incarcerated within this court's jurisdiction. R.C. 2725.03 requires that the institution in which a petitioner is incarcerated be located within the jurisdiction of the court before habeas corpus may be granted. Although the proceeding before this court is a direct appeal as allowed by law, the ultimate relief sought is release from confinement as in a petition for writ of habeas corpus.
Motion to Dismiss by appellee is granted.
Costs taxed against appellant.
Final Order. Clerk to serve a copy of this order to the parties as provided by the Civil Rules.
 ___________________________ JUDGE EDWARD A. COX
 ___________________________ JUDGE JOSEPH J. VUKOVICH
 ___________________________ JUDGE GENE DONOFRIO