OPINION.
This is an original action for a writ of habeas corpus filed by petitioner, James Harrod, against respondents, Ohio Adult Parole Authority and Ulysses Harris, Harrod's parole officer. In his petition, Harrod alleges that he is being illegally confined on a charge of gross sexual imposition. Specifically, he argues that he has been improperly placed on post-release control pursuant to R.C. 2967.28. Harrod and the respondents have filed stipulations indicating that Harrod was released from state prison in September 2000 and placed on post-release control. The parties have also stipulated that Harrod was not informed, at the time of his sentencing, that he would be placed on post-release control following his release from prison. The Hamilton County Court of Common Pleas denied Harrod's motion to vacate his sentence in an entry journalized October 5, 2000.
Harrod asserts that the trial court's failure to inform him of the term of post-release control renders the sentence invalid. We agree with Harrod that the trial court was required to inform him that he would be subject to a period of post-release control, pursuant to the holding of the Supreme Court of Ohio in Woods v. Telb.[1] Nonetheless, because we hold that a writ of habeas corpus is not the proper remedy, we decline to issue the writ.
It has long been held that the remedy of habeas corpus is available only when the petitioner is presently in confinement.[2] And while Harrod argues that post-release control is tantamount to confinement due to its attendant restraints on his liberty, we can find no authority for the proposition that habeas corpus will lie under circumstances in which the petitioner has been released from the actual physical custody of the state.
On the contrary, in the only case we have discovered addressing the issue, the court held that a person released from incarceration but still under post-release control was not entitled to habeas-corpus relief. InDavis v. Butterworth,[3] the petitioner had been released from confinement stemming from violations of his post-release control, but his post-release-control status had not been terminated. The Court of Appeals for Marion County held that the petition for habeas corpus was properly dismissed because the petitioner had been released from jail at the time the petition was heard.
Other courts have emphasized that actual detention is a prerequisite to the issuance of a writ of habeas corpus. As stated by the Lake County Court of Appeals, "If the petitioner's confinement in prison or jail has terminated, then the legality of such restraint can no longer be determined in a habeas corpus proceeding."[4] This holding is in accord with a long line of cases in which courts have held that the physical release of the petitioner precludes the availability of habeas corpus.[5]
Although we are mindful of Harrod's arguments concerning the restraint of liberty that post-release control entails, we decline to extend the availability of the extraordinary remedy of habeas corpus beyond its well-established limits.
Moreover, even were we to accept Harrod's argument that he is presently confined, he would not be entitled to a writ of habeas corpus because of the availability of other remedies. In general, to withstand a motion to dismiss, a petition for a writ of habeas corpus must allege that the sentencing court was without jurisdiction.[6] And while habeas corpus will lie in certain extraordinary circumstances where only nonjurisdictional issues are involved, it will lie only where there is otherwise no adequate legal remedy.[7]
In the instant case, Harrod does not allege that the trial court lacked jurisdiction to sentence him to a term of post-release control. Rather, he argues that the court's failure to inform him of the term rendered the sentence invalid. Harrod could have asserted that argument by way of a motion for leave to appeal filed with this court.[8] Similarly, he could have appealed the trial court's denial of his motion to vacate the sentence. Having failed to pursue those legal remedies, Harrod is not now entitled to a writ of habeas corpus. Although Harrod may still file a motion for leave to appeal pursuant to App.R. 5 or pursue other legal remedies, habeas corpus is not available. Accordingly, the petition for writ of habeas corpus is denied.
 ________________________________________ Hildebrandt, Presiding Judge.
 Sundermann, J., concurs. Painter, J., concurs separately.
[1] (2000), 89 Ohio St.3d 504, 733 N.E.2d 1103, paragraph two of the syllabus ("Pursuant to R.C. 2967.28 (B) and (C), a trial court must inform the defendant at sentencing or at the time of the plea hearing that post-release control is part of the defendant's sentence.").
[2] Tomkalski v. Maxwell (1963), 175 Ohio St. 377, 378, 194 N.E.2d 845,846.
[3] (Apr. 15, 1999), Marion App. No. 9-98-62, unreported.
[4] Petrowski v. Ohio (June 30, 1999), Lake App. No. 98-L-057, unreported (emphasis added).
[5] See, e.g., Pewitt v. Lorain Correctional Inst. (1992),64 Ohio St.3d 470, 472, 597 N.E.2d 92, 94; McDonald v. Keiter (1971),25 Ohio St.2d 281, 283, 268 N.E.2d 283, 284.
[6] Lippert v. Engle (1977), 49 Ohio St.2d 281, 361 N.E.2d 239,239.
[7] State ex rel. Pirman v. Money (1994), 69 Ohio St.3d 591, 592,635 N.E.2d 26, 29.
[8] Page v. Green (1963), 174 Ohio St. 178, 179, 187 N.E.2d 592,593.