[This decision has been published in *Ohio Official Reports* at 92 Ohio St.3d 69.]

LARSEN, APPELLANT, *v.* The STATE OF OHIO, APPELLEE.

[Cite as *Larsen v. State*, 2001-Ohio-133.]

*Habeas corpus sought to compel relator's release from confinement—Complaint in habeas corpus dismissed as moot when relator is released from confinement prior to hearing.*

(No. 00-1721—Submitted May 16, 2001—Decided June 13, 2001.)

APPEAL from the Court of Appeals for Noble County, No. 281.

_____

*Per Curiam.*

{¶ 1} In September 1999, appellant, John D. Larsen, was released on his own recognizance after being charged with forgery. In November 1999, a grand jury returned an indictment charging Larsen with one count of failure to appear after being released, in violation of R.C. 2937.99. In February 2000, the Lawrence County Court of Common Pleas convicted Larsen of failure to appear and sentenced him to a prison term of one year, crediting him with eighteen days for time served.

{¶ 2} In July 2000, Larsen filed a petition in the Court of Appeals for Noble County for a writ of habeas corpus on the grounds that his indictment was defective because it failed to state an indictable offense. In August 2000, the court of appeals dismissed the petition.

{¶ 3} In his appeal of right, Larsen claims that the court of appeals erred in dismissing his petition. For the following reasons, we dismiss this appeal as moot.

{¶ 4} Habeas corpus is generally appropriate in the criminal context only if the petitioner is entitled to immediate release from prison. *Douglas v. Money* (1999), 85 Ohio St.3d 348, 349, 708 N.E.2d 697, 698. If a habeas corpus petitioner seeking release is subsequently released, the petitioner's habeas corpus claim is

normally rendered moot. *Pewitt v. Lorain Correctional Inst.* (1992), 64 Ohio St.3d 470, 472, 597 N.E.2d 92, 94. Larsen's appeal is moot because his one-year sentence has expired and he has been released from prison.

{¶ 5} Moreover, this is not a claim that is "capable of repetition, yet evading review." *Spencer v. Kemna* (1998), 523 U.S. 1, 17, 118 S.Ct. 978, 988, 140 L.Ed.2d 43, 56; *State ex rel. Calvary v. Upper Arlington* (2000), 89 Ohio St.3d 229, 231, 729 N.E.2d 1182, 1185. In fact, we have frequently reviewed these issues and have consistently held that claims challenging the validity and sufficiency of an indictment are not cognizable in habeas corpus. See, *e.g., Buoscio v. Bagley* (2001), 91 Ohio St.3d 134, 135, 742 N.E.2d 652, 653; *Gunnell v. Lazaroff* (2000), 90 Ohio St.3d 76, 76-77, 734 N.E.2d 829, 830.

{¶ 6} Based on the foregoing, we dismiss this appeal as moot.

*Appeal dismissed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

————————————

*John D. Larsen, pro se*.

*Betty D. Montgomery*, Attorney General, and *Thelma Thomas Price*, Assistant Attorney General, for appellee.

————————————