OPINION
This is a habeas corpus action in which petitioner, David Tate, has requested his immediate release from the Trumbull County Jail. Upon fully reviewing the allegations set forth in his petition, this court concludes that petitioner has failed to state a viable claim in habeas corpus. Therefore, the habeas corpus petition will be dismissed under Civ.R. 12(B)(6).
As the legal basis for his request to be released, petitioner asserts that his present incarceration in the jail is improper because certain errors took place during the criminal prosecution upon which his jail term is now based. Specifically, petitioner alleges in his petition that, in November 2000, he was convicted and sentenced in the Girard Municipal Court of receiving stolen checks and receiving a stolen license plate. He further alleges that, prior to his conviction, the following errors were committed: (1) he was denied his right to effective assistance of counsel; (2) he was denied his constitutional rights when he was arrested; (3) he was denied his right to a fair trial; (4) he was coerced into accepting a plea agreement which the trial court subsequently ignored; (5) the trial court improperly denied his motion to withdraw his plea; and (6) the trial court lacked "jurisdiction" to try him on the two offenses because the criminal acts did not occur in Trumbull County.
As a preliminary matter, this court would note that, in his original petition, petitioner only named the following four individuals as respondents in the matter: (1) Judge Michael A. Bernard of the Girard Municipal Court; (2) Prosecutor Robert Johnson; (3) Patrolman Timothy O'Leary; and (4) Attorney Diane Peliti. After respondents Bernard, Johnson, and O'Leary had moved this court to dismiss the habeas corpus petition, petitioner filed an amended petition, adding Trumbull County Sheriff Thomas L. Altiere as the fifth respondent in this case.
Pursuant to R.C. 2725.04(B), a petition for a writ of habeas corpus must state the name of the individual who is in charge of the petitioner's incarceration. In interpreting this statute, this court has concluded that the writ will lie only against the individual who is directly responsible for keeping the petitioner in custody. Lucero v.State (Mar. 13, 1998), Ashtabula App. No. 97-A-0085, unreported, 1998 Ohio App. LEXIS 994. As a result, the jailor or warden is the only person who is the proper respondent in most habeas corpus actions. Id.
In the instant case, the individual who is responsible for detaining petitioner in the county jail is respondent Altiere, in his capacity as the Trumbull County Sheriff. Even though petitioner is seeking to contest the propriety of the actions taken by the other four respondents in the underlying case, they cannot be parties to a habeas corpus action because they are not presently responsible for petitioner's incarceration. On this basis alone, the instant petition is subject to dismissal as to respondents Bernard, Johnson, O'Leary, and Peliti.
In addition to the foregoing, our review of the instant petition shows that petitioner has failed to state a viable claim for the requested relief. A writ of habeas corpus will be issued to compel a criminal defendant's release from prison only when a jurisdictional defect has occurred during the trial proceedings. Sands v. Gansheimer (Aug. 31, 2001), Portage App. No. 2001-P-0074, unreported, 2001 Ohio App. LEXIS 3924. Therefore, a habeas corpus petition does not state a viable claim when it only raises nonjurisdictional issues which could have been challenged in a direct appeal from the conviction. The only exception to the foregoing is that nonjurisdictional issues can form the basis of a proper habeas corpus claim when the petitioner has no adequate remedy at law, such as a direct appeal. Butcher v. Gansheimer (Aug. 31, 2001), Ashtabula App. No. 2001-A-0059, unreported, 2001 Ohio App. LEXIS 3918.
In this case, petitioner has asserted only nonjurisdictional issues which could have been litigated in a direct appeal from his conviction. For example, although a violation of a defendant's right to effective assistance of counsel can state a basis for reversing a conviction, it is not a jurisdictional defect which can be contested in a habeas corpus action. See State ex rel. Dotson v. Rogers (1993), 66 Ohio St.3d 25,26. Similarly, it has been held that issues concerning whether evidence should be suppressed on the basis of a violation of a constitutional right cannot be considered in a habeas corpus action because the defendant has an adequate remedy through a direct appeal. See Ellis v.McMackin (1992), 65 Ohio St.3d 161, 162. The foregoing basic logic is applicable to the other four issues raised in the instant habeas corpus petition.
As an aside, we would note that petitioner did try to characterize one of the alleged errors in the trial proceedings as jurisdictional in nature. As was noted above, petitioner alleged that the trial court did not have the authority to go forward on the charges because the alleged crimes did not take place in Trumbull County. However, despite petitioner's characterization, it is evident that he was merely raising the question of whether the Girard Municipal Court was the proper venue for the trial proceedings. It is well-settled under Ohio law that the issue of venue is not jurisdictional in nature; instead, the venue of a crime is a fact which the state must prove as part of its case. See Statev. Otto (Mar. 7, 2001), Belmont App. No. 97-BA-57, unreported, 2001 Ohio App. LEXIS 1098. Thus, even if petitioner's allegation that the crimes in question occurred in other counties is true, they cannot form the basis of a viable claim in habeas corpus.
Because petitioner has failed to raise any issue pertaining to the jurisdiction of the Girard Municipal Court in the underlying criminal proceeding, the petition before this court fails to state a viable claim which would warrant the issuance of a writ of habeas corpus. On this basis alone, the dismissal of the instant petition is warranted as to respondent Altiere. Furthermore, even if the other four respondents in this action were proper properties to a habeas corpus proceeding, this action could not go forward because the instant petition does not state a viable claim for the requested relief.
Finally, as a separate basis for dismissing this case, respondent Altiere submits in his motion to dismiss that the merits of this case have been rendered moot because petitioner was released from the county jail four days after he filed his amended petition. In support of this contention, respondent Altiere has attached to his motion his own affidavit, in which he avers that petitioner was discharged from the Trumbull County Justice Center on October 5, 2001.
As respondent Altiere correctly notes, the Supreme Court of Ohio has consistently held that the merits of a habeas corpus action become moot if the petitioner is released from custody while the habeas corpus petition is pending. See, e.g., Larsen v. State (2001), 92 Ohio St.3d 69. Thus, petitioner's release constitutes a third reason for dismissing this case as to all five respondents.
Pursuant to the foregoing discussion, the motion to dismiss of respondents Bernard, Johnson, and O'Leary has merit and is, therefore, granted. Similarly, the motion to dismiss of respondent Altiere also has merit and is, therefore, granted. Finally, in regard to respondent Peliti, this court holds that the amended habeas corpus petition should be dismissed sua sponte as to her.
Accordingly, it is the order of this court that petitioner's amended habeas corpus petition is hereby dismissed.
PRESIDING JUDGE DONALD R. FORD
JUDGE JUDITH A. CHRISTLEY, JUDGE DIANE V. GRENDELL.