JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant, Tex L. Keeton, pro se, appeals from the trial court's order denying his motion for jail time credit. For the reasons that follow, we affirm because the issue raised by Keeton is moot.
 {¶ 2} In May 2001, Keeton was indicted in Case No. CR-407140 on one count of possession of drugs. He pled guilty, and the trial court sentenced him to three years of community control sanctions, upon the following conditions:
 {¶ 3} "Defendant remanded for in-patient drug therapy and follow-up; TASC case management; attend alcoholics/narcotics/cocaine anonymous meetings as recommended by probation; submit to random urinalysis. Defendant's driver's license is suspended for 2 years."
 {¶ 4} Keeton was also indicted in May 2001 on one count of escape in Case No. CR-407687. He pled guilty, and the trial court sentenced him to three years of community control upon the same conditions imposed in Case No. CR-407140.
 {¶ 5} After Keeton violated the terms of his community control three times, the trial court terminated the community control sanctions in both cases and sentenced him to two years incarceration.
 {¶ 6} Keeton subsequently filed a motion for jail time credit, asserting that he was entitled to 73 days credit for time spent at two halfway houses during his in-patient drug treatment. The trial court denied his motion without hearing, ruling that "jail time credit does not apply while at a halfway house for drug treatment."
 {¶ 7} On appeal, Keeton asserts that the trial court erred in denying his motion.
 {¶ 8} R.C. 2967.191 provides that the department of rehabilitation and correction "shall reduce the stated prison term of a prisoner * * * by the total number of days that the prisoner was confined for any reason arising out of the offense for which the prisoner was convicted and sentenced * * *."
 {¶ 9} In State v. Crumpton, 2003-Ohio-7063, Cuyahoga App. No. 82502, this court recognized that "time spent in a rehabilitation facility where one's ability to leave whenever he or she wishes is restricted may be confinement for the purposes of R.C. 2967.191." Id., at ¶ 8, citingState v. Napier, 93 Ohio St.3d 646, 2001-Ohio-1890. We further found that the trial court "`must review the nature of the program to determine whether the restrictions on the participants are so stringent as to constitute `confinement' as contemplated by the legislature.'" Id., at ¶ 9, quoting State v. Jones (1997), 122 Ohio App.3d 430, 432. AccordState v. Barkus, 2003-Ohio-1757, Richland App. No. 2002 CA 0052; Statev. Fattah (Nov. 13, 2000), Butler App. No. CA2000-03-050; State v. Hull,
2003-Ohio-396, Marion App. No. 9-02-51. Accordingly, we reversed and remanded "for a hearing so that a record can be developed as to the nature of the defendant's participation in the [drug treatment] program and a determination of whether he was `confined' for purposes of the statute." Id., at ¶ 10.
 {¶ 10} Whether the trial court erred in denying Keeton's motion is not apparent from the record. In his motion for jail time credit, Keeton alleged that he was confined for purposes of R.C. 2967.191 during his stay at the halfway houses because he "was not free to come and go as he wished, but was subject to the control of the staff regarding personal liberties." He did not attach an affidavit to his motion, however, to support the allegations contained in his brief or to otherwise demonstrate that the restrictions during his in-patient drug treatment were so substantial as to constitute confinement. Accordingly, there was no evidence to support his allegations.
 {¶ 11} Nevertheless, we find the issue raised by Keeton to be moot. The record reflects that he began serving his term of incarceration in February 2004 and was paroled in March 2005 under post release control. Accordingly, he has served his time and whether he was entitled to jail time credit for the time he spent in the halfway houses is a moot issue.
 {¶ 12} Appellant's assignment of error is therefore overruled as moot.
Affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Blackmon, A.J., and Sweeney, J., Concur.