OPINION
{¶ 1} Defendant-appellant Steve Lentz ("Lentz") brings this appeal from the judgment of the Court of Common Pleas of Mercer County denying his motion to correct an improper sentence filed April 21, 2006.
 {¶ 2} On January 29, 1999, Lentz was arrested for one count of corruption of a minor. Lentz eventually entered a guilty plea and was sentenced to sixteen months in prison on March 31, 1999. On May 4, 1999, Lentz filed for judicial release. The petition for judicial release was granted and Lentz was released on June 10, 1999. Lentz was ordered to serve a total of 36 months of community control.
 {¶ 3} On June 28, 1999, the trial court tolled Lentz's community control sanction due to Lentz being ordered to serve 15 months at the Dayton Rehabilitation Center by the Celina Municipal Court. A notice of controlled sanctions violations was filed against the defendant on June 14, 2000, but withdrawn on August 21, 2000. A second notice of violations was filed on January 12, 2001 with an addendum filed on July 6, 2001. On October 15, 2001, the trial court determined that Lentz had violated the terms of his community control and ordered Lentz returned to prison to complete his 16 month prison sanction. On February 24, 2006, Lentz filed a motion to correct an improper order and sentence with the trial court. The trial court denied this motion on April 24, 2006. Lentz appeals from this judgment and raises the following assignment of error.
The trial court erred by ordering [Lentz's] previously imposedcommunity control sanctions tolled because the Celina MunicipalCourt ordered him conveyed to the Dayton Rehabilitation Center toserve their (sic) sentence in an unrelated case.
 {¶ 4} Lentz's assignment of error claims that the trial court erred in tolling his community control sanctions. This court has previously addressed the authority of a trial court to toll community control sanctions granted pursuant to judicial release.State v. Hoy, 3rd Dist. No. 14-04-13, 14-04-14, 2005-Ohio-1093. In Hoy, this court held that the trial court is not granted the authority by R.C. 2929.20(I) to modify an offender's judicial release "merely because the offender is confined in a prison." Id. at ¶ 30.
The trial court would be authorized to revoke an offender'sjudicial release based on a finding that the new offence violatedthe conditions of his release. However, the trial court is givenno authority to modify or toll that offender's release.
Id. Thus, the trial court did err in tolling the community control sanctions merely because Lentz was sentenced to serve 15 month in a rehabilitation facility.
 {¶ 5} Although the trial court erred in tolling the community control sanctions, the inquiry does not end there. The court must next determine whether the order revoking the judicial release was valid. In this case, Lentz was granted judicial release on June 10, 1999. The term of community control was three years. Thus, the community control sanctions, as well as the trial court's jurisdiction over Lentz, was set to expire on June 10, 2002. The notice of violation was filed on January 12, 2001. An addendum to that notice was filed on July 6, 2001. These dates are both before the expiration of the community control sanctions on June 10, 2002. Therefore, the trial court had the authority to adjudicate the violations and revoke the judicial release. Any error resulting from the tolling of the community control sanctions was harmless in this case. For that reason, the assignment of error is overruled.
 {¶ 6} The judgment of the Court of Common Pleas of Mercer County is affirmed.
Judgment Affirmed.
 Shaw, J., concurs.
 Rogers, J., concurs in Judgment Only.