OPINION
{¶ 1} Appellant Tony Alexander appeals a judgment of the Belmont County Court of Common Pleas dismissing his petition for writ of habeas corpus. Appellant filed the writ because he believed that he was to receive additional jail-time credit. If the credit had been properly applied, he argues, he should have been released from prison on March 25, 2006. The trial court dismissed the petition on June 20, 2006, and this decision was appealed. The trial court was correct in dismissing the petition, however. Appellant alleges that the jail time credit he is seeking should be credited to his scheduled release date, which was December 5, 2006. Appellant's release date passed a few days after Appellee filed its responsive brief in this appeal. A writ of habeas corpus is moot once the sentence has expired and where the petitioner is no longer being held unlawfully by the state. Crase v. Bradshaw,108 Ohio St.3d 212, 2006-Ohio-663, 842 N.E.2d 513, ¶ 5. It is clear from Appellant's own allegations that he has already been released from prison. The petition for writ of habeas corpus is moot, and the trial court's dismissal of the petition is affirmed.
 {¶ 2} On June 17, 2002, Appellant pleaded no contest in Cuyahoga County to possession of drugs and preparation of drugs for sale, and was convicted and sentenced to three years in prison. Appellant filed an appeal, and remained free on bond during the appeal. The conviction and sentence were eventually upheld on appeal. State v. Alexander,151 Ohio App.3d 590, 2003-Ohio-760, 784 N.E.2d 1225. Appellant subsequently filed an appeal to the Ohio Supreme Court and filed an unsuccessful motion to reopen his direct appeal in the Eighth District Court of Appeals. During the pendency of the appeal, Appellant was ordered to serve prison *Page 2 
terms for crimes committed in Jefferson County, Kentucky. After the appeal for his Cuyahoga County conviction had terminated, the trial court called for a hearing to be held on November 7, 2005, to determine when to execute the previously imposed sentence and to determine jail-time credit. The trial court's judgment entry of November 9, 2005, states that Appellant would receive credit for time served in the Cuyahoga County case, as well as for time that he was in custody for two additional matters in Jefferson County, Kentucky. Appellant did not appeal this judgment.
 {¶ 3} On December 6, 2005, the court filed another judgment entry, which determined that Appellant would receive jail-time credit for actual time served after June 22, 2001. Appellant did not appeal this judgment. Apparently, this judgment entry resulted in the removal of previously applied jail-time credit. This entry was also the catalyst causing Appellant to file his petition for writ of habeas corpus.
 {¶ 4} On February 2, 2006, The Ohio Department of Rehabilitation sent a letter to Appellant explaining that jail-time credit previously applied from 5/1/97 to 1/28/98 for time spent in prison in Kentucky would be removed from the jail-time credit applied to the Cuyahoga County case. The letter stated that he would continue to receive jail-time credit for the periods 1/3/03 to 8/30/04, 10/20/05 to 11/15/05, and for 9/17/01.
 {¶ 5} Appellant filed his habeas petition in Belmont County on May 11, 2006. The petition alleged that Appellant should have been released from the Belmont Correctional Institution on March 25, 2006, if the proper amount of jail-time credit had been applied. *Page 3 
 {¶ 6} On May 18, 2006, the court filed another related judgment entry, awarding Appellant an additional 30 days of jail-time credit. Appellant did not appeal that judgment.
 {¶ 7} The trial court dismissed the petition on June 20, 2006. The trial court held that habeas relief was not proper to challenge a sentencing error that could have been challenged on direct appeal, and that the petition was deficient because Appellant's commitment papers were not attached as required by R.C. 2725.04(D). Appellant filed this timely appeal on July 18, 2006.
 {¶ 8} The resolution of this appeal was delayed due to Appellant's failure to file a timely brief, and Appellee's attempt to have the appeal dismissed. Appellant eventually filed a handwritten document that we accepted as a brief on September 28, 2006. On November 27, 2006, Appellant attempted to file supplemental assignments of error on unrelated issues, but this was rejected by us in a journal entry dated December 15, 2006.
 ARGUMENT ON APPEAL {¶ 9} Appellant does not present any specific assignment of error. He generally argues that the trial court should not have dismissed his petition for writ of habeas corpus. He contends that the trial court breached what was essentially a contract to grant him jail-time credit arising out of two criminal convictions in Kentucky. He contends that he entered into a plea agreement in exchange for a promise from the trial judge that his sentence would run concurrently with time already served in Kentucky. *Page 4 
 {¶ 10} It must be noted first that Appellant cannot succeed on appeal because his petition for writ of habeas corpus and his arguments on appeal indicate that he has already been released from prison. " `[H]abeas corpus in Ohio is generally appropriate in the criminal context only if the petitioner is entitled to immediate release from prison or some type of physical confinement.' " Smith v. Leis,106 Ohio St.3d 309, 2005-Ohio-5125, 835 N.E.2d 5, ¶ 13, quoting State ex rel.Smirnoff v. Greene (1998), 84 Ohio St.3d 165, 167, 702 N.E.2d 423. "If a habeas corpus petitioner seeking release is subsequently released, the petitioner's habeas corpus claim is normally rendered moot." Larsen v.State (2001), 92 Ohio St.3d 69, 69-70, 748 N.E.2d 72, citing Pewitt v.Lorain Correctional Inst. (1992), 64 Ohio St.3d 470, 472, 597 N.E.2d 92. This appeal is moot because Appellant's petition requests relief for a sentence that has already expired.
 {¶ 11} There are also technical difficulties with Appellant's petition that required the trial court to dismiss it. R.C. 2725.04(D) requires the petitioner to file all the pertinent commitment papers relating to the petition. Appellant failed to do this. The Ohio Supreme Court has held that: "[t]hese commitment papers are necessary for a complete understanding of the petition. Without them, the petition is fatally defective. When a petition is presented to a court that does not comply with R.C. 2725.04(D), there is no showing of how the commitment was procured and there is nothing before the court on which to make a determined judgment except, of course, the bare allegations of petitioner's application." Bloss v. Rogers (1992), 65 Ohio St.3d 145,146, 602 N.E.2d 602. Appellant failed to include with his petition the very *Page 5 
judgment entry that was the basis of his confinement, namely, his sentencing entry from June 17, 2002. Without this judgment entry, it is almost impossible to make any sense of the arguments raised in Appellant's petition.
 {¶ 12} Habeas relief is only appropriate when there are no adequate remedies available at law. Thomas v. Huffman (1998), 84 Ohio St.3d 266,703 N.E.2d 315. Appellant is attempting to use habeas corpus to force the trial judge to conform to the terms of an alleged plea agreement. The Ohio Supreme Court has held that there is, "an adequate legal remedy to rectify any alleged breach of the plea agreement by filing a motion with the sentencing court to either withdraw his previous guilty plea pursuant to Crim.R. 32.1 or specifically enforce the agreement."State ex rel. Seikbert v. Wilkinson (1994), 69 Ohio St.3d 489, 491,633 N.E.2d 1128. Furthermore, the judgment entry that resulted in the recalculation of jail-time credit, and the loss of approximately 273 days of credit that had previously been applied for time spent in prison in Kentucky in 1997 — 1998, was filed on December 6, 2005. Appellant did not appeal this judgment. It is unclear how Appellant expected to be awarded jail-time credit for time spent in a Kentucky prison years before he even committed the crimes at issue in the Cuyahoga County case, but whatever Appellant's reasons were for expecting this credit, he had an adequate remedy by way of direct appeal.
 {¶ 13} For all these reasons, the judgment of the Belmont County Court of Common Pleas dismissing Appellant's petition for writ of habeas corpus is affirmed. We note that this is not a claim that is, "capable of repetition, yet evading review." *Page 6 
 Spencer v. Kemna (1998), 523 U.S. 1, 17, 118 S.Ct. 978,140 L.Ed.2d 43; Larsen, 92 Ohio St.3d at 70, 748 N.E.2d 72. Appellant's arguments are based on very specific events relating to jail-time credit for multiple criminal convictions and sentences applicable only to the facts of this case, and there is no reasonable expectation that the same set of circumstances will arise again.
 Vukovich, J., DeGenaro, P.J., concurs. *Page 1