JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} Appellant Marvin D. Warren, pro se, appeals an order of the trial court denying credit against his prison sentence for time spent in a residential drug treatment facility. He sets forth the following error for our review:
 "Where the state is in violation of its own statutes, by not crediting appellant the time he was ordered to be placed in community control sanction. Where appellant is entitled to all time that he was under lock-down pursuant to Ohio Revised Code 2967.19 and 2967.191."
 {¶ 2} Having reviewed the record and pertinent law, we conclude Warren's appeal is moot and affirm the trial court's decision. The apposite facts follow.
 Facts {¶ 3} On June 6, 2006, Warren entered a plea to one count of drug trafficking, a felony of the fifth degree. The trial court sentenced him to three years of community control sanction with the following conditions (1) he is supervised by the court's Mental Health Docket unit, (2) submit to drug testing, (3) maintain employment if possible, and (4) successfully complete inpatient treatment for his drug addiction and mental illness. The sentencing entry stated that if Warren violated the conditions of his community control sanction, he could be sentenced to one year in prison. *Page 4 
 {¶ 4} Warren was released from inpatient treatment on October 26, 2006. He thereafter violated his community control sanction four times by using drugs. The first three times, the trial court continued Warren's community control sanction. However, the fourth time, he not only tested positive for cocaine, he also failed to submit previous urine samples, failed to report to his probation officer, and failed to take his psychiatric medicine. As a result, the trial court terminated Warren's community control sanction and sentenced him to 12 months in prison. The trial court deducted 182 days from the sentence for time that Warren had spent in jail.
 {¶ 5} Warren filed a motion with the court to receive additional jail-time credit for the ninety days he spent in the inpatient treatment for his drug addiction and mental illness. The trial court denied the motion.
 Jail Credit for In-patient Treatment {¶ 6} In his sole assigned error, Warren argues the trial court erred by refusing to issue jail-time credit for the time he spent in the inpatient facility. We conclude that Warren's argument is moot.
 {¶ 7} A review of the record indicates that Warren has fully served his sentence. Because the trial court deducted 182 days from Warren's sentence for the time he spent in jail, he only had to serve approximately six months of his twelve-month sentence. He, therefore, completed his entire sentence by October 2008. Thus, even if we concluded the trial court erred and should have credited *Page 5 
Warren for the time he served in an inpatient rehabilitation facility, we would be unable to rectify the error. Therefore, his appeal is moot.[1]
 {¶ 8} We note that although Warren has served his sentence in this case, he is still incarcerated on an unrelated case. However, in spite of the fact he is currently incarcerated, his appeal is still moot. Warren is not entitled to credit for time served on a sentence imposed for another offense.[2] According to R.C. 2967.191, jail-time credit is appropriate only when the facts and circumstances giving rise to the incarceration are the result of the charge for which the offender is eventually sentenced.[3] An offender is not entitled to "jail-time credit for any period of incarceration which arose from facts which are separate and apart from those on which his current sentence is based."[4] Accordingly, Warren's assigned error is overruled as moot.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal. *Page 6 
It is ordered that a special mandate be sent to said court to carry this judgment into execution. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
COLLEEN CONWAY COONEY, A.J., and SEAN C. GALLAGHER, J., CONCUR.
[1] State of Ohio, ex rel Paul E. Hart v. Donnelly, Cuyahoga App. No. 90636, 2007-Ohio-6829; State v. Keeton, Cuyahoga App. Nos. 85390 
85392, 2005-Ohio-2546; Alexander v. Eberlin, 7th Dist. No. 06 BE 38, 2007-Ohio-5000; State v. Berger (1984),17 Ohio App.3d 8.
[2] See State v. Dawn (1975), 45 Ohio App.2d 43. See, also, State v.Clark, 11th Dist. No. 2001-A-0042, 2001-Ohio-8818; State ex rel. Croakev. Trumbull Co. Sheriff (1990), 68 Ohio App.3d 245, 247.
[3] State v. Smith (1992), 71 Ohio App.3d 302, 304.
[4] Id. *Page 1