[Cite as *Wordlow v. Bracy*, 2022-Ohio-4280.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## TRUMBULL COUNTY

ERIC WORDLOW,

        Petitioner,

- vs -

CHARMAIN BRACY,
WARDEN,

        Respondent.

**CASE NO. 2022-T-0095**

Original Action for Writ of Habeas Corpus

---

**P E R   C U R I A M**
**O P I N I O N**

Decided: November 30, 2022
Judgment: Petition dismissed

---

*Eric Wordlow*, pro se, PID # A743-919, Trumbull Correctional Institution, 5701 Burnett Road, P.O. Box 640, Leavittsburg, OH 44430 (Petitioner).

*Dave Yost*, Ohio Attorney General, State Office Tower, 30 East Broad Street, 16th Floor, Columbus, OH 43215, and *Jerri L. Fosnaught*, Assistant Attorney General, Ohio Attorney General's Office, Criminal Justice Section, 30 East Broad Street, 23rd Floor, Columbus, OH 43215 (For Respondent).

PER CURIAM.

{**¶1**}    Petitioner, Eric Wordlow, seeks a writ of habeas corpus for immediate release from imprisonment against respondent, the Warden of the Trumbull Correctional Institution. Respondent moves to dismiss the petition for failure to state a claim upon which relief can be granted. The motion is granted, and the petition is dismissed.

{**¶2**}    When presented with a Civ.R. 12(B)(6) motion to dismiss, the factual allegations of the complaint are accepted as true. It must appear beyond doubt that the

petitioner can prove no set of facts entitling him to relief.  *O'Brien v. Univ. Community Tenants Union, Inc.*, 42 Ohio St.2d 242, 327 N.E.2d 753, (1975), syllabus.

{¶3}  In April 2018, Wordlow pleaded guilty to five felony counts in Hamilton County case numbers B-1700597 and B-1707046 and was sentenced to prison.  The sentence in B-1700597—an aggregate 36 months—was journalized on April 26, 2018; the sentence in B-1707046—an aggregate 48 months—was journalized on April 27, 2018.  The sentences were ordered to be served concurrently, for a total of 48 months, with credit for 141 days of time served.

{¶4}  On June 5, 2020, the trial court granted Wordlow's motion for judicial release, suspended the remainder of his prison sentence, and placed him on community control with terms and conditions for one year.  Three months later, on September 16, 2020, the probation department filed a notice of a community control sanction violation, and a warrant was issued for Wordlow's arrest.  Wordlow was not arrested until one year later, on September 15, 2021, after his community control sanction had expired.  Wordlow alleges that he was brought before the court on October 5, 2021, released from confinement, and placed on house arrest as a condition of his continued release.  Wordlow further alleges that he was subsequently charged with violating the house arrest order.  A hearing was held on December 7, 2021.  The trial court entered judgment revoking Wordlow's judicial release and reimposed the balance of the original 48-month prison sentence, with credit for all time served.

{¶5}  On September 26, 2022, Wordlow filed the instant petition for a writ of habeas corpus arguing that he is entitled to immediate release from prison.

2

{¶6} A writ of habeas corpus is the proper remedy for a state prisoner to pursue when he believes his present incarceration is not lawful. *State ex rel. Nelson v. Griffin*, 103 Ohio St.3d 167, 2004-Ohio-4754, ¶ 5. "Habeas corpus will lie when a judgment is void due to lack of jurisdiction. *Pegan v. Crawmer* (1996), 76 Ohio St.3d 97, 99, 666 N.E.2d 1091. However, it is not the proper remedy for reviewing errors by a court that properly had subject-matter jurisdiction. *Blackburn v. Jago* (1988), 39 Ohio St.3d 139, 529 N.E.2d 929." *Pratts v. Hurley*, 102 Ohio St.3d 81, 2004-Ohio-1980, 806 N.E.2d 992, ¶ 8. "[T]he burden of proof is upon the petitioner to establish his right to release." (Citation omitted.) *Halleck v. Koloski*, 4 Ohio St.2d 76, 77, 212 N.E.2d 601 (1965).

{¶7} Wordlow first contends that the trial court was without jurisdiction to revoke his judicial release because it did not have authority to modify the conditions of his release by placing him on house arrest, the condition he alleges was violated. In support, Wordlow cites to case law holding that a trial court has authority to revoke an offender's judicial release based on a finding that a new offense violated the conditions of release but does not have authority to modify or toll the time period of release merely because the offender is imprisoned on the new offense. *State v. Lentz*, 3d Dist. Mercer No. 10-06-16, 2006-Ohio-6090, ¶ 4, citing *State v. Hoy*, 3d Dist. Union No. 14-04-13, 14-04-14, 2005-Ohio-1093, ¶ 30. This case law has no applicability to the situation alleged to have occurred here, where the trial court did not modify or toll the time period of judicial release but merely placed Wordlow on house arrest as an additional condition of his continued release. Further, the common pleas court had statutory jurisdiction to proceed on the charged statutory violations. *See* R.C. 2929.20(K).

3

**{¶8}** Next, Wordlow alleges that the trial court was without jurisdiction to revoke his judicial release after his community control term had expired. Because, however, the notice of violation was properly given and the revocation proceedings were commenced in September 2020, before the term had expired, the common pleas court was not divested of subject matter jurisdiction to conduct the proceedings after Wordlow was arrested in September 2021. *See State v. Rue*, 2019-Ohio-1720, 136 N.E.3d 1, ¶ 10 (11th Dist.2019), citing *State v. Yates*, 58 Ohio St.3d 78, 80, 567 N.E.2d 1306 (1991) ("[A] trial court *loses* jurisdiction to prosecute a probation violation unless revocation proceedings are instituted *during* the probationary period." (Emphasis sic.)). Further, Wordlow has not alleged facts that establish he is entitled to immediate release: the trial court sentenced Wordlow to an aggregate four-year prison sentence that, with credit for time served, does not expire until the year 2023.

**{¶9}** Moreover, Wordlow's claims are not cognizable in habeas corpus because he had an adequate legal remedy by way of appeal in which to raise them. (Citations omitted.) *See Williamson v. Williams*, 103 Ohio St.3d 25, 2004-Ohio-4111, ¶ 3.

**{¶10}** Wordlow's petition fails to state a claim upon which habeas relief can be granted. Accordingly, respondent's motion to dismiss is granted, and the petition for habeas corpus is hereby dismissed.

**{¶11}** Petition dismissed.

THOMAS R. WRIGHT, P.J., MATT LYNCH, J., JOHN J. EKLUND, J., concur.

4

Case No. 2022-T-0095