[Cite as *Wordlow v. Davis, Warden*, 2023-Ohio-675.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## TRUMBULL COUNTY

ERIC WORDLOW,

      Petitioner,

- vs -

ANTHONY DAVIS, WARDEN,

      Respondent.

CASE NO. 2022-T-0121

Original Action for Writ of Habeas Corpus

**P E R   C U R I A M**
**O P I N I O N**

Decided: March 6, 2023
Judgment: Petition dismissed

*Eric Wordlow*, pro se, PID: A743-919, Trumbull Correctional Institution, 5701 Burnett Road, P.O. Box 640, Leavittsburg, OH 44430 (Petitioner).

*Dave Yost*, Ohio Attorney General, State Office Tower, 30 East Broad Street, 16th Floor, Columbus, OH 43215 (For Respondent).

PER CURIAM.

{¶1} Petitioner, Eric Wordlow ("Mr. Wordlow"), seeks a writ of habeas corpus against respondent, Anthony Davis, Warden of the Trumbull Correctional Institution ("respondent"), for his immediate release from prison. Respondent moves to dismiss the petition for failure to state a claim upon which relief can be granted.

{¶2} Because Mr. Wordlow has been released from prison, his petition is moot. Further, since this is a successive petition for a writ of habeas corpus, in which Mr.

Wordlow raises the same claims, his petition is additionally barred by the doctrine of res judicata. Respondent's motion is granted, and the petition is dismissed.

{¶3} When presented with a Civ.R. 12(B)(6) motion to dismiss, the factual allegations of the complaint are accepted as true. It must appear beyond doubt that the petitioner can prove no set of facts entitling him to relief. *O'Brien v. Univ. Community Tenants Union, Inc.*, 42 Ohio St.2d 242, 327 N.E.2d 753 (1975), syllabus.

{¶4} "'[H]abeas corpus in Ohio is generally appropriate in the criminal context only if the petitioner is entitled to immediate release from prison or some type of physical confinement.'" *Smith v. Leis*, 106 Ohio St.3d 309, 2005-Ohio-5125, 835 N.E.2d 5, ¶ 13, quoting *State ex rel. Smirnoff v. Greene*, 84 Ohio St.3d 165, 167, 702 N.E.2d 423 (1998). "If a habeas corpus petitioner seeking release is subsequently released, the petitioner's habeas corpus claim is normally rendered moot." *Larsen v. State*, 92 Ohio St.3d 69, 69, 748 N.E.2d 72 (2001). Mr. Wordlow's appeal is moot because the term of his sentence has now expired, and he has been released from prison.

{¶5} Moreover, this is not a claim that is "capable of repetition, yet evading review." *Spencer v. Kemna*, 523 U.S. 1, 17, 118 S.Ct. 978, 140 L.Ed.2d 43 (1998); *Larsen* at 69.

{¶6} Further, we note that the instant petition is additionally barred by the doctrine of res judicata, since the issues raised are substantially the same as those raised in Mr. Wordlow's previous petition for habeas corpus, which we dismissed. In *Wordlow v. Bracy*, 11th Dist. Trumbull No. 2022-T-0095, 2022-Ohio-4280, we found Mr. Wordlow did not establish he was entitled to immediate release and that he had an adequate remedy by way of appeal in which to raise his claims. *Id.* at ¶ 8-9. *See State ex rel.*

2

*Childs v. Lazaroff*, 90 Ohio St.3d 519, 520, 739 N.E.2d 802 (2001) ("*[R]es judicata* is applicable to successive habeas corpus petitions because habeas corpus petitioners have the right to appeal adverse judgments in habeas corpus cases.").

{¶7} Mr. Wordlow's petition fails to state a claim upon which habeas relief can be granted. Accordingly, respondent's motion to dismiss is granted, and the petition for a writ of habeas corpus is hereby dismissed.

{¶8} Petition dismissed.


JOHN J. EKLUND, P.J., MARY JANE TRAPP, J., MATT LYNCH, J., concur.

Case No. 2022-T-0121