[Cite as *Armstrong v. Wilson*, 2026-Ohio-2044.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## TRUMBULL COUNTY

| | |
|---|---|
| SHAWN L. ARMSTRONG, | CASE NO. 2026-T-0020 |
| Petitioner, | |
| - vs - | Original Action for Writ of Habeas Corpus |
| MIKE WILSON, SHERIFF, | |
| Respondent. | |

## PER CURIAM OPINION AND JUDGMENT ENTRY

Decided: June 1, 2026
Judgment: Petition dismissed

*Shawn L. Armstrong*, pro se, Trumbull County Jail,150 High Street N.W., Warren, OH 44481 (Petitioner).

*Dennis Watkins,* Trumbull County Prosecutor, and *Charles L. Morrow*, Assistant Prosecutor, Administration Building, Fourth Floor, 160 High Street, N.W., Warren, OH 44481 (For Respondent).

PER CURIAM.

{¶1} Petitioner, Shawn L. Armstrong ("Armstrong"), filed an original action seeking a writ of habeas corpus on March 6, 2026. In his petition, Armstrong contended that he was being unlawfully held in the Trumbull County Jail on charges pending before the Trumbull County Grand Jury. On March 13, 2026, this court issued an alternative writ. In accordance with the alternative writ, the respondent, Trumbull County Sheriff, Mike Wilson ("Wilson"), filed a motion to dismiss the petition on March 20, 2026. Armstrong filed a response to Wilson's motion on April 13, 2026. Subsequently, on April 15, 2026,

Wilson filed a "Notice of 'No Bill' and Discharge of Defendant", again seeking dismissal of Armstrong's petition. For the following reasons, we dismiss the petition.

{¶2}  At the time of his petition, Armstrong asserted that he was imprisoned in the Trumbull County Jail awaiting indictment by the Trumbull County Grand Jury. Among other things, Armstrong alleged that the Trumbull County Prosecutor's Office was engaged in "vindictive prosecution" after domestic violence charges were bound over to the Trumbull County Court of Common Pleas from the Warren Municipal Court. According to Armstrong, he was originally charged with domestic violence, a misdemeanor, and had refused to accept the offered plea bargain. Armstrong asserted that the alleged victim of the misdemeanor had submitted a letter to the municipal court withdrawing her accusation against him. Armstrong claimed that he was then charged with felonious assault which was pending before the Grand Jury resulting in his continued confinement.

{¶3}  In his March 20, 2026 motion to dismiss, Wilson asserted that Armstrong's petition was fatally defective as it failed to include a copy of the commitment or cause of detention and was not signed and verified as required by R.C. 2725.04. Wilson also argued that the petition lacked the requisite particularity as it contained "only 'bald allegations' regarding vindictive prosecution and a victim's alleged desire to withdraw charges." Additionally, Wilson sought dismissal of the petition on the grounds that Armstrong had an adequate remedy at law.

{¶4}  On April 13, 2026, Armstrong filed his response to Wilson's motion to dismiss and claimed that the deficiencies in his petition were the result, at least in part, of the unavailability of services in the jail. Two days later, on April 15, 2026, Wilson filed a

"Notice of 'No Bill' and Discharge of Defendant." Wilson attached documentation to the filing that Armstrong had been released from the Trumbull County Jail.

{¶5} "To be entitled to a writ of habeas corpus, a party must show that he is being unlawfully restrained of his liberty . . . and that he is entitled to immediate release from prison or confinement." *State ex rel. Cannon v. Mohr*, 2018-Ohio-4184, ¶ 10, citing R.C. 2725.01; *Leyman v. Bradshaw*, 2016-Ohio-1093, ¶ 8. "The purpose of a habeas corpus proceeding is for the court to conduct an inquiry into whether the petitioner is being unlawfully restrained of his or her liberty at the present time." *Petrowski v. State*, 1999 WL 454478, *2 (11th Dist. June 30, 1999), citing *Ball v. Maxwell* (1965), 1 Ohio St.2d 77, 78; *Tomkalski v. Maxwell* (1963), 175 Ohio St. 377, 378; *Page v. Green* (1963), 174 Ohio St. 178, 179. Therefore, "habeas corpus will not lie if the petitioner is not presently confined." *Id.* As this court explained in *Petrowski:*

> Since the goal of a habeas corpus petition is to effectuate a release from present confinement, the petitioner must still be subjected to some form of custodial detention at the time the petition is adjudicated. If the petitioner's confinement in prison or jail has terminated, then the legality of such restraint can no longer be determined in a habeas corpus proceeding.

*Id.*

{¶6} Thus, a petitioner's claim becomes moot when the petitioner is released prior to adjudication of the petition. *Petrowski* citing *Pewitt v. Lorain Correctional Inst*, 1992-Ohio-91, ¶ 7; *McDonald v. Keiter* (1971), 25 Ohio St.2d 281, 283. *See Larsen v. State*, 2001-Ohio-133, ¶ 4.

{¶7} Documents attached to Wilson's April 15, 2026 "Notice of 'No Bill' and Discharge of Defendant" establish that the Trumbull County Grand Jury returned a "no bill" on the charges presented. The common pleas court filed a "Verification of No Bill" and directed Wilson to release Armstrong. Armstrong was subsequently released from

Case No. 2026-T-0020

confinement in the Trumbull County Jail.[1] Because Armstrong is no longer confined, Armstrong's petition for writ of habeas corpus is moot.

{¶8} Accordingly, this action must be dismissed. Wilson's motion to dismiss is granted and the petition for writ of habeas corpus is dismissed as moot. Any other pending motions are also overruled as moot.

JOHN J. EKLUND, J., ROBERT J. PATTON, J., SCOTT LYNCH, J., concur.

---

1. Armstrong has not provided the court with a forwarding address.

Case No. 2026-T-0020

# JUDGMENT ENTRY

For the reasons stated in the per curiam opinion of this court, it is hereby ordered that respondent's motion to dismiss is granted, and petitioner's petition for writ of habeas corpus is dismissed as moot. All other pending motions are overruled as moot.

THE CLERK OF COURTS is instructed to send a copy of this opinion to petitioner at his last known address, at 1756 Sheridan Avenue, Warren, Ohio 44485.

Costs to be taxed against petitioner.

JUDGE JOHN J. EKLUND,
concurs

JUDGE ROBERT J. PATTON,
concurs

JUDGE SCOTT LYNCH,
concurs

**THIS DOCUMENT CONSTITUTES A FINAL JUDGMENT ENTRY**

A certified copy of this opinion and judgment entry shall constitute the mandate pursuant to Rule 27 of the Ohio Rules of Appellate Procedure.

Case No. 2026-T-0020