THE STATE, EX REL. COLBY, APPELLEE, *v.* RESHETYLO, APPELLANT.

(No. 1493—Decided June 14, 1972.)

*Mr. William J. Brown,* Attorney General of Ohio, and *Mr. Jeffrey McClelland,* for respondent.
*Messrs. Navarre, Rizor, Dapore & Allen,* for relator.

GUERNSEY, J. On March 25, 1966, Mariann Colby, who had been tried for murder in the first degree, was found not guilty by reason of insanity and committed to the Lima State Hospital pursuant to R. C. 2945.39. In July 1971, she filed an original action in habeas corpus in the Common Pleas Court of Allen County. Following hearing thereon, by journal entry filed November 4, 1971, the Common Pleas

Court found that she was sane and unlawfully restrained of her liberty and ordered her released forthwith from the Lima State Hospital, which was thereupon done. On November 9, 1971, the respondent Superintendent of the Lima State Hospital filed his notice of appeal to this court and on November 15, 1971, filed his motion in the trial court to stay execution of its order of release pending the appeal. The record before this court does not reveal that a ruling was ever made on that motion.

On the same date, November 15, 1971, the respondent also filed a motion in this court to stay execution of the Common Pleas Court order of release. On November 16, 1971, this court overruled that motion finding that respondent had failed to comply with Appellate Rule 7 and "that the order of the Common Pleas Court having been fully executed by the release of Mariann Colby it is beyond the power of this court to stay excution thereof."

Upon hearing arguments of the appeal on its merits the matter of possible mootness of the appeal was suggested by the court and thereafter briefed by the parties. That issue is the one with which we are now concerned.

In considering same it must be observed that in the eyes of the law Mrs. Colby is not a convicted criminal but was found not guilty by reason of insanity. Her status in the Lima State Hospital was merely one of patient who by reason of the statutory presumption of continued insanity is committed there for treatment until restored to sanity, a status essentially the same as that of any patient committed to a civil mental institution.

It also must be emphasized that an action in habeas corpus is a civil action which tests the legality of the restraint of liberty by the respondent of the person who is the subject of the action. Neither that person nor the respondent may have the legality of the restraint determined by the trial court in an action in habeas corpus if the restraint has terminated.

Historically and legally the writ of habeas corpus has been used, and is designed, to give a person restrained of his liberty an immediate hearing to inquire into and determine the legality of the detention, 39 Corpus Juris Sec-

undum 428, Habeas Corpus, Section 4a. It loses its efficacy if the finality of such determination may be indefinitely postponed. Consequently, at common law, no appeal from the determination existed. Appeal therefrom now exists only by virtue of statutory provisions. See, for example, R. C. 2725.26. These statutory provisions vary from state to state and the right of appeal may, and often does, depend on the nature of the commitment, for instance, whether under criminal process, under extradition process, under civil process, etc.

Again there is a variance among states as to whether, where a statute permits appeal from habeas corpus cases generally, such appeal may be had from an order of release as contrasted with an order denying release. In *Henderson* v. *James, Warden,* 52 Ohio St. 242, the Supreme Court of Ohio established that "a final order of discharge on *habeas corpus,* may be reviewed and reversed on error by a higher court." It will be noted, however, that in that case the subject of the action was incarcerated under criminal process and that the court of original habeas corpus jurisdiction stayed execution of its order of discharge pending the appeal of the matter to the Supreme Court.

We must conclude from the *Henderson* case that the order of discharge before us is reviewable on appeal. However, the issue squarely before us is whether the issues to be determined by such review have become moot by reason of the actual execution of the order of release, resulting here from a failure of the respondent to timely obtain an order from either the Common Pleas Court or from this court staying execution of the discharge order pending appeal.

We have tried without success to find some Ohio case where an appellate court has reviewed a determination of discharge after the subject of the habeas corpus action has actually been released. We referred first to the leading case involving the issue which was before the trial court, specifically *Ex Parte Remus,* 119 Ohio St. 166, a case appealed from this court. Examination of the record of that case discloses, however, that the order of discharge was stayed by action of both this court and the Supreme

Court. As a consequence Remus was still restrained of his liberty at the time the issue of the legality of such restraint was determined by the Supreme Court. We then refer to the similar case of *State, ex rel. Leeb,* v. *Wilson, Supt.,* 27 Ohio App. 2d 1, 272 N. E. 2d 363, also in this court, but find that the issue of mootness was not raised in that case.

However, we find respectable authority requiring a determination of mootness in *Sakacsi* v. *McGettrick,* 9 Ohio St. 2d 156, wherein the respondents appealed from an order of the court of appeals discharging the petitioner from their custody. The Supreme Court held:

"The records show that appellee has been released from the custody of respondents. The questions presented by this appeal are, therefore, now moot. The appeal is, therefore, dismissed * * * ."

Compare, *McDonald* v. *Keiter,* 25 Ohio St. 2d 281.

Mrs. Colby has long since departed the geographical jurisdiction of both the Common Pleas Court and this court. She is not subject to any coercive criminal process to restore her to the custody of the respondent. She has not escaped from his custody but left same pursuant to court order. She is not subject to any coercive civil process for restoration thereto. A judgment of this court reversing the determination of release by the Common Pleas Court could not be enforced by any process thereon issuing either from this court or from the Common Pleas Court to restore her to the respondent's custody. In its essentials the situation is like that in *Ohio Contract Carriers Assn.* v. *Public Utilities Commission,* 140 Ohio St. 160, where it was held:

" * * * Appeals are not allowed for the purpose of settling abstract questions [however interesting or important to the public generally], but only to correct errors injuriously affecting the appellant." (Bracketed phrase added from text of decision.)

See, also, 4 Corpus Juris Secundum 153, Appeal and Error, Section 40b.

We conclude that where a patient committed to the Lima State Hospital under the provisions of R. C. 2945.-39 as being not guilty by reason of insanity of the crime

for which the patient stood trial is, in an action in habeas corpus filed in the Common Pleas Court, found to be sane and ordered released from the hospital, and is thereupon released without stay of execution of the order of release having been timely applied for and ordered by either the Common Pleas Court or by the Court of Appeals, and an appeal is taken by the Superintendent, Lima State Hospital, to the Court of Appeals from the order of release, notwithstanding that the order of release is reviewable by the Court of Appeals, the issues which would otherwise be presented by the appeal have become moot by reason of the actual release of the patient, and the appeal should be dismissed.

*Appeal dismissed.*

YOUNGER, P. J., and COLE, J., concur.