**In the Matter of Ronald Kukoleck**
*[Cite as 3 AOA 197]*

*Case No. 56894*
*Cuyahoga County, (8th)*
*Decided May 10, 1990*

*Joseph J. LoPresti, Attorney at Law, 922 Leader Building, Cleveland, Ohio 44114, Paul Mancino, Jr., Attorney at Law, 75 Public Square, Suite 1016, Cleveland, Ohio 44113, for Plaintiff-Appellant.*

*John T. Corrigan, Prosecutor, Laurence R. Snyder, Assistant, Justice Center, Courts Tower, 1200 Ontario Street, Cleveland, Ohio 44113, for Defendant-Appellee.*

SWEENEY, J.

On June 9, 1988, petitioner-appellant Ronald Kukoleck ("petitioner") was indicted by a grand jury in Davidson County, Tennessee, of conspiracy.

On October 24, 1988, the Governor of the State of Tennessee made a request to the Governor of the State of Ohio that petitioner be arrested and delivered to Tennessee authorities. On October 25, 1988, the Governor of the State of Ohio issued a warrant of arrest for petitioner, ordering the Cuyahoga County Sheriff to arrest petitioner and deliver him to the Tennessee authorities.

Petitioner was arrested and brought before Judge O'Donnell of the Cuyahoga County Common Pleas Court for a hearing pursuant to R.C. 2963.09. Thereafter, petitioner filed a writ of habeas corpus in common pleas court contesting extradition to Tennessee. On December 16, 1988, after a prior hearing on the matter, the court denied the petition for writ of habeas corpus and ordered petitioner to be extradited to Tennessee.

On December 16, 1988, petitioner was delivered to the custody of Tennessee authorities and returned to Tennessee for further proceedings. There was no stay of execution in effect at the time of extradition.

This appeal of the denial of the writ of habeas corpus and order of extradition followed. Petitioner also filed a motion to stay execution pending appeal with this court at the time of filing his notice of appeal. This motion for stay was denied as moot on December 23, 1988.

The record reveals that the petitioner had been released from the custody of the State of Ohio. Notwithstanding the jurisdiction of this court, the questions presented in this appeal are now moot. *Sakacsi* v. *McGettrick, Sheriff* (1967), 9 Ohio St. 2d 156; *State, ex rel. Colby* v. *Reshetylo* (1972), 30 Ohio App. 2d 183; *In Re Breeding* (Aug. 15, 1984), Clark App. No. 1982, unreported.

The order of December 23, 1988 by this court denying the state's motion to dismiss is vacated.

*Appeal dismissed.*

PRYATEL, J., concurs.

Judge Pryatel, retired Judge of the Eighth Appellate District, sitting by assignment.

DYKE, J., dissents.

I must respectfully dissent.

Appellee filed a motion to dismiss this appeal as moot because, appellee claimed, appellant was transported to Tennessee on December 16, 1988 and thus is no longer in the custody of the appellee. The motion was denied. Appellee reasserts this argument in the response brief and cites *State, ex rel. Colby* v. *Reshetylo* (1972), 30 Ohio App. 2d 183 and an unpublished case also from another county. *Colby* cites *Sakacsi* v. *McGettrick* (1967), 9 Ohio St. 2d 156 (disapproved of in *Burton* v. *Reshetylo* (1974), 38 Ohio St. 2d 35) for the proposition that an appeal from the ruling on a petition for a writ of habeas corpus is moot when the petitioner is no longer in the custody of the respondent. *Sakacsi* and *Colby* do not state the present law on the subject.

A

I will initially that until December 20, 1988 there was no evidence in the record that appellant had actually been released from appellee's custody. The writ was denied on December 16, 1988 and that day the trial judge denied a stay. On that same day appellant requested a stay from this court but it was denied on December 23, 1988 as "moot." (Apparently this court believed the state's representations that appellant was gone.) He was in custody (pending arrangements with Tennessee) between December 16, 1983 and December 20, 1988. The stay improperly denied by the trial court should have been granted by this court.

B

There is a long standing exception to the principle that the merits of an appeal will not be addressed if it is technically "moot"; if the appeal presents a question of great public importance the appeal will not be dismissed as moot. *McDuffie* v. *Berzzarins* (1975), 43 Ohio St. 2d 23, 24-25..

When a stay is denied by the trial court the majority's result will deny review. Not only will the question of the propriety of the order of extradition not be reviewed but there can be no review of the patent abuse of discretion on the part of the trial judge in denying a request for a stay (requested so that an appeal could be taken). So long as this court believes it cannot grant a stay when the trial court denied one (because we assumed appellant had been transported) there is no way to review the conduct of the trial judge. The denial was clearly an abuse of discretion; it was arbitrary, unreasonable and unconscionable. *Blakemore* v. *Blakemore* (1983), 5 Ohio St. 3d 217. Even if an individual is mistakenly extradited and seeks to have his appeal *as of right* the trial

judge can preclude review of his decision by denying a stay. This issue is of great public importance for cases to come.

### C

In *Sakacsi* appellee was committed but his appeal was held to be moot because at the time of oral argument appellant was no longer in the custody of the respondent. *Sakacsi* v. *McGettrick* (1967), 9 Ohio St. 2d 156. Since then, however, the Ohio Supreme Court has formulated a new rule.

"For whatever reason a petitioner may be out of a respondent's custody, a respondent's appeal of the granting of a writ of habeas corpus should not be dismissed solely as a result of that lack of custody. To so hold destroys appellate review of the granting of a writ, a circumstance which is undesirable. Hence, the rule implied by *Sakacsi* is disapproved, and the ground of mootness urged by the instant appellee is not well taken." *Burton* v. *Reshetylo* (1974), 38 Ohio St. 2d 35, 37.

A year later, in *McDuffie* v. *Berzzarins* (1975), 43 Ohio St. 2d 23, the petitioner was indefinitely hospitalized but the court declined to grant a motion to dismiss although petitioner was no longer in custody. *McDuffie* cited its "concern with the continuing collateral consequences subsequent to release from commitment for mental illness." *Id.* at 24-25. It also concluded that "a decision on the merits will not be a futile exercise since it may affect serious continuing disabilities which are the result of a finding of mental illness and commitment." *Id.* at 25.

Two years later the court set out a two-step test for determining in all cases whether a court should grant a motion to dismiss an appeal from a ruling on a petition for a writ of habeas corpus.

"It is strongly argued that the petition should be dismissed on the ground that it is moot because the petitioner was discharged from the hospital. However, that fact alone is no longer sufficient to moot a cause such as the one at bar. The issue concerning continuing collateral disability must still be determined. See *McDuffie* v. *Berzzarins* (1975), 43 Ohio St. 2d 23; *State* v. *Wilson* (1975), 41 Ohio St. 2d 236; *Burton* v. *Reshetylo* (1974), 38 Ohio St. 2d 35. The efficacy of the syllabus in *In Re Popp* (1973), 35 Ohio St. 2d 142, now appears doubtful." *In re Klepper,* (1977), 49 Ohio St. 3d 311, 212. (*In re Popp* had held that an appeal was moot if the petitioner had since been released.) In *Klepper* the Ohio Supreme Court remanded the case to the court of appeals to determine the issue of continuing

collateral disability. *Klepper,* 49 Ohio St. 2s 211, 212.

The question of whether extradition presents collateral disabilities has not been determined in Ohio.

Although appellant is no longer in the custody of the respondent the trial court should determine whether in this case there are collateral disabilities that permit this court to reach the merits.

I would reverse and remand.