## In the Matter of
## Kenneth W. Miller
*[Cite as 4 AOA 160]*

*Case No. CA-2739*
*Richland County, (5th)*
*Decided June 29, 1990*

On November 18, 1989, appellant was involuntarily admitted to the Mansfield General Hospital psychiatric ward. Affidavit of Mental Illness and Certificate of Examination was filed and hearing set.

At the hearing, the Richland County Probate Court denied appellant's motion to dismiss and granted his request for an independent expert evaluation. A second hearing was held December 14, 1989. The court found appellant to be a mentally ill person subject to hospitalization by court order, R.C. 5122.01(B)(4), committing appellant to the Richland County Center for Individual and Family Services for a period not to exceed ninety days.

While under judicial confinement, appellant filed an application for voluntary admission on

December 27, 1989. On December 21, 1989, he filed the subject notice of appeal.

On January 9, 1990, appellant was discharged from the Mansfield General Hospital.

On February 14, 1990, the Probate Court dismissed the civil commitment case against appellant.

The State of Ohio claims appellant's appeal should be dismissed as moot because of his voluntary admission and the Probate Court's dismissal of the civil commitment case. Appellee likens this case to the factual scenario in *State v. Berndt* (1987), 29 Ohio St.3d 3, where subsequent to a criminal defendant's plea of guilty and his completing his sentence and paying his fine, he late appealed the judgment of conviction. The court found defendant suffered no collateral legal disability or loss of civil rights from such a judgment or conviction and dismissed the case as moot. *Berndt, supra,* at 4.

A finding of mentally ill by the probate court is a finding of status - i.e. it is not a reflection of an act completed; comparable to a finding that a juvenile is delinquent, abused, neglected, or dependent. Precisely because it is a *matter of continuing status,* legislation (in both the probate ad juvenile arena) is designed to provide periodic review of the status to assure that once labeled, a person is not continually so stigmatized absent further judicial determination. R.C. 5122.15 and R.C. 2151.412. See 13 West Ohio Family Law, 963, Status Offenses - In General.

We are persuaded that where an adjudication of status has been made, one of the remedies available to challenge that status is a timely appeal. It is not rendered moot by the dismissal of the case after the notice of appeal is filed. (We are not suggesting here that dismissal of a case *prior* to the running of time for appeal is nevertheless reviewable.)

Further, appellant has suffered a collateral legal disability. *Sans* the opportunity to appeal his conviction, he loses his remedy to expunge from his record the possible unlawful deprivation of liberty. *In Re Popp* (1973), 35 Ohio St.2d 142, dissenting opinion of Chief Justice O'Neil, 298 N.E.2d 529, see also R.C. 5122.09. A permanently recorded judicial declaration that appellant was incarcerated for mental illness carries a stigma. It affects employment as well as personal and social life.

A case is not moot where the issues are capable of repetition yet evading review. *In re: Appeal of Suspension of Huffer* (1989), 47 Ohio St.3d 12, paragraph 1 of syllabus; *State, ex rel.*

*Plain Dealer Publishing Co. v. Barnes* (1988), 38 Ohio St.3d 165, paragraph one of syllabus; 527 N.E.2d 807. Compare *Washington v. Harper* (1990), ___ U.S.___, 58 U.S.L.W. 4249, 4252 (an appeal of a prisoner's right to refuse psychotropic medications was not moot because the State ceased the forced administration of drugs. There was a strong likelihood that the prisoner would again be transferred to the institution which had forcibly medicated him since there was no evidence that the prisoner had recovered from his illness).

Based on the above reasoning, appellee's motion to dismiss is overruled.

MILLIGAN, J., PUTMAN, P.J., GWIN, J.