OPINION
Appellee, Coshocton Metropolitan Housing Authority, operates a public housing program in Coshocton, Ohio under which appellant, Ida Rebecca Dockery, rented an apartment. On March 23, 1999, the parties entered into an agreement wherein appellant agreed to repay monies to appellee for past utility bills due and owing. Because appellant failed to pay appellee pursuant to the agreement, appellee served appellant with a notice of termination of lease and a three day notice on September 21, 1999. On October 29, 1999, appellee filed a forcible entry and detainer complaint against appellant. A hearing was held on November 16, 1999. By judgment entry filed December 3, 1999, the trial court ordered appellant to vacate and relinquish possession of the premises, and issued an immediate writ of execution. On December 10, 1999, the trial court granted a stay of execution as to the writ of restitution conditioned upon appellant posting a two thousand dollar supersedeas cash bond. The bond was never posted and appellant was removed from the apartment. Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
 THE TRIAL COURT LACKED JURISDICTION TO EVICT MS. DOCKERY PURSUANT TO O.R.C. § 1923 ET SEQ.
 II. THE TRIAL COURT ERRED IN NOT FINDING THAT THE NOTICE OF LEASE TERMINATION GIVEN TO MS. DOCKERY WAS A DENIAL DUE PROCESS AND LACKED SPECIFICITY REQUIRED BY 24 C.F.R. § 966.4(1)(3)(ii).
 III. PLAINTIFF-APPELLEE'S RECEIPT AND RETENTION OF MONEY ORDERS CONSTITUTED AN ACCEPTANCE OF FUTURE RENT AND WAIVED THE NOTICE TO LEAVE THE PREMISES ISSUED ON SEPTEMBER 21, 1999.
 IV. THE TRIAL COURT ERRED IN FINDING THAT CMHA PROVED THEIR CAUSE OF ACTION AND THAT THEY WERE ENTITLED TO RESTITUTION OF THE PREMISES.
Based upon the state of the record, we must address whether or not the issues in this case are moot. The writ of restitution issued on December 3, 1999 was stayed conditioned upon appellant posting a two thousand dollar supersedeas cash bond. See, Judgment Entry filed December 10, 1999. No bond was posted and appellant was removed from the apartment. Although appellant admits she is no longer a resident of appellee's premises, she argues the issues are not moot because the eviction directly affects her "ability to qualify for any type of subsidized housing in the future or to regain the CMHA subsidy she lost." Appellant's Brief at 2, fn. 1. In support of this argument, appellant cites the cases of Bowling Green Manor Limited Partnership v. LaChance (June 30, 1995), Wood App. No. WD-94-117, unreported, and Franchise Developers, Inc. v. Cincinnati (1987), 30 Ohio St.3d 28. In Bowling Green, our brethren from the Sixth District held the following: In its brief, appellee asserts that appellants were unable to post the stated bond and are no longer in possession of the premises. They therefore urge that the instant appeal is moot. Appellants maintain, on the other hand, that the issue on appeal is, inter alia, one of great public importance; therefore, their appeal is not moot. We agree. See Franchise Developers, Inc. v. Cincinnati (1987), 30 Ohio St.3d 28. Moreover, where others who are similarly situated would benefit from the resolution of an appeal, it will not be dismissed as moot. See Stacy v. Carr (Feb. 20, 1992), Adams App. No. 519, unreported; Sandefur Management Co. v. Minor (Apr. 18, 1985), Franklin App. No. 84-AP-220, unreported. The question of whether appellee is `public housing' for the purpose of eviction procedures is one with far reaching effects. Further, appellee has followed the same procedure in evicting at least two other tenants. See Bowling Green Manor Limited Partnership v. Kirk (June 30, 1995), Wood App. No. WD-94-125, unreported. We therefore find that this appeal should not be dismissed as moot.
We note the issue in the Bowling Green case was "whether the procedures applied when a municipal housing authority evicts a tenant are applicable to the instant case. This is an issue of first impression in this jurisdiction." In Franchise Developers, paragraph one of the syllabus, the Supreme Court of Ohio held "[a]lthough a case may be moot with respect to one of the litigants, this court may hear the appeal where there remains a debatable constitutional question to resolve, or where the matter appealed is one of great public or general interest." The court stated the following at 31: Upon a careful review of the entire record, we believe that although the instant matter is technically moot with respect to the plaintiffs, there still remains a debatable constitutional question for this court to resolve. See Wallace v. University Hospitals of Cleveland (1961), 171 Ohio St. 487, 14 O.O.2d 383, 172 N.E.2d 459. In addition, we believe that the cause sub judice involves matters of great public interest, thereby vesting this court with jurisdiction to entertain this appeal, even though the controversy is moot with respect to the plaintiffs. See Wallace, supra; In re Popp (1973), 35 Ohio St.2d 142, 64 O.O.2d 84, 298 N.E.2d 529; and State, ex rel. Rudes, v. Rofkar (1984), 15 Ohio St.3d 69, 15 OBR 163, 472 N.E.2d 354. Thus, we proceed to resolve this matter under the standard that although a case may be moot with respect to one of the litigants, this court may hear the appeal where there remains a debatable constitutional question to resolve, or where the matter appealed is one of great public or general interest.
None of the issues raised sub judice involve a debatable constitutional question or raise any matter of great public or general interest. The issues are fact specific claims as to the jurisdiction of the trial court to hear the forcible entry and detainer action. The jurisdictional issue does not go to the subject matter or in rem jurisdiction of the trial court but rather the timeliness and appropriateness of the notices to vacate and the retention by appellee of post-notice monies paid by appellant. Upon review, we conclude the issues raised herein are moot.
 ____________________ Farmer, J.
By Gwin, P.J. and Wise, J. concur.