[Cite as *Maurent v. Foley*, 2024-Ohio-2476.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

| | |
|---|---|
| FELIX MAURENT | C.A. No. 23CA012017 |
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| KEITH FOLLEY, Warden | COURT OF COMMON PLEAS COUNTY OF LORAIN, OHIO |
| Appellant | CASE No. 23CV208270 |

DECISION AND JOURNAL ENTRY

Dated: June 28, 2024

FLAGG LANZINGER, Judge.

{¶1}    Appellant, Keith Foley ("the Warden"), appeals from the judgment of the Lorain County Court of Common Pleas, granting Appellee, Felix Maurent's, writ of habeas corpus and ordering his immediate release from prison.  This Court dismisses the appeal.

I.

{¶2}    In July 2012, Maurent received a prison sentence in Delaware County.  The Department of Rehabilitation and Correction ("DRC") originally calculated his release date as February 11, 2023.  That calculation was based on Maurent having received an eleven-year sentence.  As Maurent's release date neared, DRC recalculated his sentence.  DRC determined that Maurent had been sentenced to thirteen years rather than eleven.

{¶3} In March 2023, Maurent filed a pro se petition for writ of habeas corpus in the Lorain County Court of Common Pleas.[1] He sought his immediate release from prison based on the expiration of his sentence. The Warden moved for summary judgment on Maurent's petition. The trial court denied the Warden's motion. The trial court set the matter for hearing on Maurent's petition and appointed him counsel.

{¶4} The Warden filed a return of writ before the scheduled hearing. Maurent filed a response. Following the hearing, the trial court granted Maurent's writ and ordered his immediate release from prison.

{¶5} The Warden appealed from the trial court's judgment. Following oral argument, we ordered the parties to brief two additional issues: (1) whether the appeal was moot because the State did not secure a stay and Mr. Maurent was released from custody, and (2) whether a habeas petitioner's failure to strictly comply with the filing requirements of R.C. 2969.25(C) requires the reversal of the granting of a habeas writ and the dismissal of the petitioner's complaint. *Maurent v. Foley*, No. 23CA012017 (9th Dist. Feb. 21, 2024). The parties filed supplemental briefs in response to our order.

{¶6} The Warden's appeal is now before this Court and raises four assignments of error for review. For ease of analysis, we consolidate the assignments of error.

II.

ASSIGNMENT OF ERROR I

BECAUSE MR. MAURENT HAS OR HAD A REMEDY BY WAY OF DIRECT APPEAL, HE IS NOT ENTITLED TO HABEAS RELIEF.

---

[1] Maurent was an inmate at the Grafton Correctional Facility. Pursuant to R.C. 2725.03, he filed his petition in the county where that correctional institution is located (i.e., Lorain County).

ASSIGNMENT OF ERROR II

SENTENCING CLAIMS, AS IN THIS CASE, ARE NOT COGNIZABLE IN HABEAS CORPUS.

ASSIGNMENT OF ERROR III

THE SENTENCING ENTRY IS NOT AMBIGUOUS.

ASSIGNMENT OF ERROR IV

IF THE SENTENCING ENTRY WERE AMBIGUOUS, THE AMBIGUITY IS RESOLVED BY ANOTHER ENTRY AND THE TRANSCRIPT OF THE SENTENCING HEARING.

{¶7} In each of his assignments of error, the Warden challenges Maurent's petition on a variety of grounds. Because the appeal is moot, we decline to address the Warden's assignments of error.

{¶8} "'Appellate courts will not review questions that do not involve live controversies.'" *Ohio Metal Servs., L.L.C. v. All-In Metals*, 9th Dist. Summit Nos. 26240, 26625, 2013-Ohio-2174, ¶ 28, quoting *Aurora Loan Servs. v. Kahook*, 9th Dist. Summit No. 24415, 2009-Ohio-2997, ¶ 6. If no live controversy exists, an action must be dismissed as moot. *Bonewitz v. Donnell*, 9th Dist. Lorain No. 14CA010557, 2015-Ohio-2190, ¶ 8.

{¶9} When the trial court granted Maurent's writ of habeas corpus, it ordered his immediate release from prison. The Warden moved the trial court to stay its order, but the trial court refused to do so. The Warden then filed his appeal and moved this Court for an emergency stay of execution. This Court denied the Warden's motion because it did not comply with Loc.R. 7(D). *See Maurent v. Foley*, 9th Dist. Lorain No. 23CA012017 (July 27, 2023). Specifically, the motion did not include an affidavit setting forth the nature of the emergency and the efforts the Warden took to notify Maurent of the request for a stay. *See* Loc.R. 7(D). The Warden made no

attempt to refile his emergency motion for stay with the required affidavit. There is no dispute that Maurent has been released from prison.

{¶10} The Ohio Supreme Court has recognized that an order of discharge on a writ of habeas corpus can be reviewed and reversed by a higher court. *Henderson v. James*, 52 Ohio St. 242 (1895). In that case, however, the State secured a stay of the execution of the judgment or final order of discharge. *See id.* at 261 (noting that the circuit court had stayed the execution of the order of discharge). *See also Smith v. Leis*, 111 Ohio St.3d 493, 2006-Ohio-6113, ¶ 15. At least one appellate district has concluded that, once a petitioner has been released from prison, an appeal from the order of discharge becomes moot. *See In the Matter of Roddy*, 3d Dist. Defiance No. 4-78-4, 1979 WL 207923 (Mar. 21, 1979); *State ex rel. Colby v. Reshetylo*, 30 Ohio App.2d 183 (3d Dist.1972). *See also Crase v. Bradshaw*, 108 Ohio St.3d 212, 2006-Ohio-663, ¶ 5-6 (habeas corpus claim generally rendered moot upon petitioner's release).

{¶11} The Warden argues this appeal is not moot because the issue before this Court is one capable of repetition but evading review. Yet, that argument places the proverbial cart before the horse. The Warden had the ability to secure an emergency stay at the appellate level. After we rejected his initial attempt to secure that stay, he never attempted to file a motion that complied with our Local Rules. Accordingly, he chose not to avail himself of that procedural remedy. This Court was never presented with a properly filed emergency motion for stay. Accordingly, there was never an opportunity for this Court to decide whether to grant a temporary stay of the trial court's order of discharge.

{¶12} "'This Court is loath to issue advisory opinions * * *.'" *Andonian v. A.C. & S., Inc.*, 97 Ohio App.3d 572, 575 (9th Dist.1994), quoting *Joreski v. Teeple*, 62 Ohio App.3d 712, 716 (1989). Because Maurent has already been released from prison and the Warden did not

employ all available procedural remedies to prevent that outcome, we must conclude that the Warden's appeal from the order of discharge is moot. In so holding, we take no position on whether a properly-filed emergency motion for stay, if denied, would have resulted in this being an issue exempt from the mootness doctrine. *See In re Appeal of Suspension of Huffer from Circleville High School*, 47 Ohio St.3d 12 (1989), paragraph one of the syllabus ("A case is not moot if the issues are capable of repetition, yet evading review."). For the foregoing reasons, the appeal is dismissed.

## III.

{¶13} This Court declines to address the merits of the Warden's assignments of errors because the appeal is moot. The appeal is dismissed.

Appeal dismissed.

———

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

JILL FLAGG LANZINGER
FOR THE COURT

SUTTON, J.
CONCURS.

STEVENSON, P. J.
DISSENTING.

{¶14}   I respectfully dissent from the majority opinion as I would find the case is not moot and a stay of execution is not required and is an inappropriate remedy in cases where the State is appealing the granting of a habeas corpus petition.

{¶15}   "The doctrine of mootness is rooted in the 'case' or 'controversy' language of Section 2, Article III of the United States Constitution and in the general notion of judicial restraint." *James A. Keller, Inc. v. Flaherty*, 74 Ohio App.3d 788, 791 (10th Dist.1991). While Ohio has no constitutional counterpart to Section 2, Article III, Ohio courts have long recognized that a court should not decide moot questions. *Miner v. Witt*, 82 Ohio St. 237 (1910), syllabus. The United States Supreme Court explained in *Mills v. Green*, 159 U.S. 651, 653 (1895):

> The duty of this court, as of every other judicial tribunal, is to decide actual controversies by a judgment which can be carried into effect, and not to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it.

{¶16}   The majority finds that the question of whether Maurent must serve two more years in prison is moot as he has been released from confinement. Ohio courts have struggled in how to apply mootness to appellate review of habeas corpus petitions. Under common law, because the writ was used to give a person restrained of his liberty immediate relief if the detention was not legal, an appeal from a habeas corpus determination did not exist. *See State ex rel. Colby v Reshetylo,* 30 Ohio App.2d 183, 184-185 (3d Dist.1972).  Decisions to grant habeas corpus are now subject to appellate review pursuant to R.C. 2725.26.

{¶17}   In this case, I would first find that the case is not moot. Ohio law recognizes that, in certain cases, the release of a confined person may make an appeal of a habeas petition moot.

For example, when that person has been released and cannot be returned to incarceration because their sentence has been served, *Larsen v. State*, 92 Ohio St.3d 69 (2001); the underlying criminal case has been dismissed, *Smith v. Leis*, 111 Ohio St.3d 493, 2006-Ohio-6113; or, when the person has recovered and is no longer undergoing hospitalization due to a civil commitment or restoration to sanity, *In Re Popp*, 35 Ohio St. 2d 142 (1973). In those cases, appellate review is properly moot because there is no actual controversy as the petitioner is no longer subject to confinement and there is no possibility of future confinement.

{¶18} As the majority cautions, Courts are loathe to issue advisory opinions in any case when there could be no effect on the liberty of the petitioner. In this case, however, there is a possibility of future confinement as Maurent has served 11 years of a possible 13-year sentence. There clearly is an actual controversy and this Court's opinion would resolve that controversy and not just provide advice for future cases.

{¶19} The Ohio Supreme Court has found that an order of discharge on a writ of habeas corpus can be reviewed on appeal. *Henderson v. James,* 52 Ohio St. 242, 259-260 (1895). I would find that meaningful review of discharge on a writ of habeas corpus is not compatible with granting stays to hold a petitioner in jail while the appeal of that decision is pending. When a trial court grants a petition for habeas corpus, it finds a person is unlawfully deprived of their liberty. If a court makes that finding, the person should be immediately released, not held longer in confinement if the State appeals. Requiring a trial or appellate court to grant a stay to the State and hold a person in confinement longer than permitted in these situations will result in a grave injustice that cannot be remedied if the State loses its appeal. Permitting appeals without a stay, so that improperly confined petitioners may be released immediately and then returned to confinement if a reviewing court overturns the grant of the habeas corpus petition, best protects

both the State's interest in seeing that prison sentences are completed as ordered and prisoner's required release from confinement. Dispensing with the need for a stay serves Blackstone's famous formulation that it is "better that ten guilty persons escape than that one innocent suffer."

{¶20} Accordingly, I dissent from the majority's decision that the case is moot. As I would reverse the trial court's opinion on the merits, I must respectfully dissent in this matter.

APPEARANCES:

WILLIAM H. LAMB, Assistant Attorney General, for Appellant.

GIOVANNA V. BREMKE, Attorney at Law, for Appellee.