**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as** *Maurent v. Spatny*, **"Slip Opinion" No. 2025-Ohio-5002.]**

<u>NOTICE</u>

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2025-OHIO-5002

MAURENT, APPELLEE, *v.* SPATNY, WARDEN, APPELLANT.[1]

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Maurent v. Spatny*, "Slip Opinion" No. 2025-Ohio-5002.]**

*Habeas corpus—A case is not moot when an actual controversy exists and it is possible for a court to grant the requested relief—Warden's appeal of trial court's grant of habeas corpus relief is not moot, because a judgment in favor of warden would result in inmate's return to prison to serve remainder of his term—Court of appeals' judgment dismissing case as moot reversed and cause remanded.*

(No. 2024-1132—Submitted August 19, 2025—Decided November 5, 2025.)

APPEAL from the Court of Appeals for Lorain County,

No. 23CA012017, 2024-Ohio-2476.

_____

1. Maurent originally named Keith Foley, then-warden of the Grafton Correctional Institution, as respondent in this habeas corpus action. Jerry Spatny has replaced Foley as the warden at Grafton and is automatically substituted for Foley as the appellant in this case. *See* S.Ct.Prac.R. 4.06(B).

_____

DEWINE, J., authored the opinion of the court, which KENNEDY, C.J., and FISCHER, BRUNNER, DETERS, HAWKINS, and SHANAHAN, JJ., joined.

**DEWINE, J.**

{¶ 1} A prisoner sought a writ of habeas corpus because he believed that prison authorities had miscalculated the length of his sentence. The trial court granted the writ, ordering the warden to immediately release the prisoner. When the warden filed an appeal, the court of appeals dismissed it as moot.

{¶ 2} The question before us is whether the release of the prisoner rendered moot the warden's appeal. Applying familiar principles of mootness and justiciability, we hold that it does not. An appeal is moot when a favorable judgment will not secure effective relief for the prevailing party. Because a judgment in favor of the warden would result in the return of the prisoner to prison to serve the remainder of his term, the appeal is not moot. We reverse the contrary judgment of the Ninth District Court of Appeals.

## I. BACKGROUND

{¶ 3} Felix Maurent was sentenced to prison in 2012 for several felony offenses. Initially, the Ohio Department of Rehabilitation and Correction reviewed the trial judge's sentencing entry and calculated Maurent's sentence to be 11 years. But before his scheduled release date, the department reviewed Maurent's sentencing entry again and determined that he had actually been sentenced to 13 years in prison.

{¶ 4} After his original anticipated release date passed, Maurent filed a petition for a writ of habeas corpus in the Lorain County Court of Common Pleas, arguing that he was entitled to immediate release because his maximum sentence had expired and he was being held unlawfully. *See State ex rel. Missimer v. Forshey*, 2023-Ohio-2355, ¶ 5. Maurent named the warden of Grafton Correctional

Institution, the prison where he was incarcerated, as the respondent in the action. After hearing arguments from both parties, the trial court sided with Maurent, concluding that the sentencing entry was ambiguous as to the length of Maurent's sentence and that the ambiguity should be resolved in Maurent's favor. Thus, the trial court granted the writ and ordered Maurent's immediate release from prison.

{¶ 5} The warden asked the trial court to stay its order, but it refused to do so. The warden appealed to the Ninth District and at the same time, asked the court to stay the trial court's order requiring Maurent's immediate release from prison. The court of appeals denied the stay on the basis that the warden did not support his motion with an affidavit as required by the court's local rules.

{¶ 6} The court of appeals never reached the merits of the warden's appeal. Instead, it dismissed the appeal as moot. 2024-Ohio-2476, ¶ 7, 13 (9th Dist.). In support of its decision, it cited cases from another appellate district holding that an appeal from a discharge in habeas corpus becomes moot after the prisoner is released. *Id.* at ¶ 10, citing *In re Roddy*, 1979 WL 207923 (3d Dist. Mar. 21, 1979), and *State ex rel. Colby v. Reshetylo*, 30 Ohio App.2d 183 (3d Dist. 1972). The court also found it significant that the warden had failed to support his motion to stay with an affidavit as required by local court rules. It explained that "[t]he Warden had the ability to secure an emergency stay at the appellate level," but "[a]fter [the court] denied his initial attempt to secure that stay, he never attempted to file a motion that complied with [the] Local Rules." *Id.* at ¶ 11. Thus, the court concluded that "[b]ecause Maurent [had] already been released from prison and the Warden did not employ all available procedural remedies to prevent that outcome, . . . the Warden's appeal from the order of discharge [was] moot." *Id.* at ¶ 12.

{¶ 7} Judge Stevenson dissented. He maintained that the appeal was not moot because Maurent could be sent back to prison to complete his sentence if the trial court's decision were reversed on appeal. *Id.* at ¶ 17-18 (Stevenson, J., dissenting). He also argued that it would be inconsistent with the purpose of a writ

of habeas corpus to routinely stay grants of the writ. *Id.* at ¶ 19 (Stevenson, J., dissenting). Once a court finds that someone has been unlawfully deprived of liberty, that person should be immediately released, he explained. *Id.* But if the order is stayed, the prisoner must remain in prison—an injustice that cannot be remedied if the State loses its appeal. *Id.* Thus, in his view, "[p]ermitting appeals without a stay, so that improperly confined petitioners may be released immediately and then returned to confinement if a reviewing court overturns the grant of the habeas corpus petition, best protects both the State's interest in seeing that prison sentences are completed as ordered and [the] prisoner's required release from confinement." *Id.*

{¶ 8} We accepted the warden's appeal to answer the question whether a habeas petitioner's release from state custody moots an appeal from the judgment granting the writ. *See* 2024-Ohio-5104.

## II. ANALYSIS

{¶ 9} The mootness doctrine springs from the constitutional limits on judicial authority. The Ohio Constitution vests the "judicial power of the state" in this court and the inferior courts. Ohio Const., art. IV, § 1. We have long understood that the grant of judicial power requires that we decide only "actual controversies where the judgment can be carried into effect, and not . . . give opinions upon moot questions or abstract propositions, or . . . declare principles or rules of law which cannot affect the matter at issue in the case before [us]." *Travis v. Public Util. Comm.*, 123 Ohio St. 355, 359 (1931).

{¶ 10} Mootness has been understood as a temporal aspect of the standing requirement. Henry P. Monaghan, *Constitutional Adjudication: The Who and When*, 82 Yale L.J. 1363, 1384 (1973). "The requisite personal interest that must exist at the commencement of the litigation (standing) must continue throughout its existence (mootness)." *Id.* The judicial power does not extend to moot cases,

because when a case becomes moot, there is no longer any controversy for a court to decide.

{¶ 11} A case becomes moot when "'"the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome."'" *State ex rel. Gaylor, Inc. v. Goodenow*, 2010-Ohio-1844, ¶ 10, quoting *Los Angeles Cty. v. Davis*, 440 U.S. 625, 631 (1979), quoting *Powell v. McCormack*, 395 U.S. 486, 496 (1969). Thus, when events occur that make it impossible for a court to grant "any effectual relief whatever," a case is moot and the court must dismiss the appeal. *Miner v. Witt*, 82 Ohio St. 237, 239 (1910); *see also State ex rel. Ohio Democratic Party v. LaRose*, 2020-Ohio-1253, ¶ 5. The corollary is that "if an actual controversy exists because it is possible for a court to grant the requested relief, the case is not moot, and a consideration of the merits is warranted." *Gaylor* at ¶ 11.

**A. This Appeal Is Not Moot, Because Maurent May Be Returned to Custody**

{¶ 12} Here, there is no question that there is some relief that could be provided to the warden. If the Ninth District were to determine that Maurent was sentenced to 13 years in prison, the remedy would be to return Maurent to state custody to serve the remainder of his prison term. This is because a reversal on appeal "undoes what the habeas corpus court did and makes lawful a resumption of the custody," *Eagles v. United States ex rel. Samuels*, 329 U.S. 304, 306 (1946).

{¶ 13} Indeed, Ohio courts have ordered the return of prisoners to state custody when they have been improperly released without serving their full prison terms. *See, e.g.*, *Young v. Brunsman*, 2008-Ohio-64, ¶ 25 (4th Dist.) (determining the grant of a habeas writ was in error and ordering the released prisoner to report to the trial court for "return to the Ohio Department of Rehabilitation and Correction[] to complete the remainder of his sentence"); *State v. Eaton*, 2022-Ohio-1340, ¶ 18 (2d Dist.) (prisoner's shock probation reversed and prisoner ordered to return to state custody). Our own precedent recognizes that the judiciary has the authority to return a prisoner to state custody who has been improperly

released. For example, in *DeWine v. Burge*, a trial court vacated a judgment of conviction and ordered acquittal 15 years after the defendant had been sentenced to prison. 2011-Ohio-235, ¶ 3. The State requested a writ of prohibition in the court of appeals "to compel [the judge] to vacate his order[] acquitting the defendant and to order [her] return to prison." *Id.* at ¶ 4. The court of appeals dismissed the prohibition claim, *id.* at ¶ 5, but we reversed and ordered the court of appeals to grant a writ of prohibition compelling the trial judge to vacate the judgment of acquittal and issue a corrected sentencing entry, *id.* at ¶ 23; *see also State ex rel. Cordray v. Marshall*, 2009-Ohio-4986, ¶ 1, 42 (affirming court of appeals' decision granting writ of prohibition to compel trial judge to immediately return defendant to prison).

{¶ 14} The judicial authority to order the return of a prisoner to custody following reversal on appeal necessarily means that an appeal does not become moot simply by virtue of the prisoner's release through a writ of habeas corpus. As long ago as 1895, we rejected the view that a discharge in habeas corpus could not be reviewed and reversed by a higher court. *See Henderson v. James*, 52 Ohio St. 242, 260 (1895) ("the rule found in some cases, to the effect that a discharge on habeas corpus, being in favor of personal liberty, must be regarded as final and conclusive, and not subject to review or reversal on error, does not prevail in this state"). More recently, we concluded that an appeal of an order granting a writ of habeas corpus to release an accused from a state mental hospital was not moot even though the accused had already been released. *Burton v. Reshetylo*, 38 Ohio St.2d 35, 36-37 (1974). We explained that regardless of the reason "a petitioner may be out of a respondent's custody, a respondent's appeal of the granting of a writ of habeas corpus should not be dismissed solely as a result of that lack of custody." *Id.* at 37.

{¶ 15} The United States Supreme Court has similarly concluded that an appeal does not become moot when a petitioner is granted relief in habeas corpus.

In *Kernan v. Cuero*, 583 U.S. 1 (2017), a federal appellate court granted habeas corpus relief and ordered the resentencing of a prisoner who had been convicted in state court. The Supreme Court rejected the argument that the appeal was moot because the state court had complied with the Ninth Circuit's mandate and resentenced the prisoner. It held that because the State and the prisoner "continue[d] to disagree about the proper length of the [prisoner's] sentence, a portion of which he [had] not yet served . . ., neither the losing party's failure to obtain a stay preventing the mandate of the Court of Appeals from issuing nor the trial court's action in light of that mandate [made] the case moot." *Id.* at 6.

{¶ 16} The same logic applies here. The parties continue to disagree about the length of Maurent's sentence, and if the warden prevails a court could grant effectual relief. Thus, the case is not moot.

## B. It Is Immaterial Whether the Warden Properly Sought a Stay in the Court of Appeals

{¶ 17} The court of appeals found it significant that the warden had not followed the proper procedure to obtain a stay from that court. But whether the warden properly supported his stay application is unconnected to the question of whether the case is moot. Mootness asks whether "effectual relief" will be provided by a favorable judgment. *Miner*, 82 Ohio St. at 239. The fact that the warden did not follow proper procedure in his request for a stay has no bearing on that question.

{¶ 18} It is unclear why the court of appeals attached significance to the warden's failure to file a properly supported stay application. It is true that in the case of a person convicted of a misdemeanor who has fully completed his sentence, we have held that an appeal is moot unless the person either (1) demonstrates collateral consequences from the conviction or (2) shows that he did not voluntarily serve the sentence. *See Cleveland Hts. v. Lewis*, 2011-Ohio-2673, ¶ 18-19. And we have found the fact that a misdemeanant moved for a stay to be an indication that he did not serve the sentence voluntarily. *See id*. at ¶ 23. But this authority is

simply an application of the rule that a case is moot when a party no longer has a legally cognizable interest in the outcome. *See id*. at ¶ 19, quoting *State v. Wilson*, 41 Ohio St.2d 236, 237 (1975) (the fact that misdemeanant did not complete sentence voluntarily demonstrates that he "'[had] a substantial stake in the judgment of conviction'"). Unlike a person convicted of a misdemeanor who has completed his sentence and suffers no collateral consequences, there is no question that the warden has a legally cognizable interest that can be protected by a favorable judgment.

## III. CONCLUSION

{¶ 19} Because Maurent may be returned to prison if the warden prevails on appeal, the warden's appeal is not moot. We reverse the judgment of the court of appeals dismissing the case. We remand the matter to the Ninth District Court of Appeals to consider the merits of the appeal.

Judgment reversed
and cause remanded.

_____

Margaret C. Lieux, for appellee.

Dave Yost, Ohio Attorney General, Mathura J. Sridharan, Solicitor General, and Michael J. Hendershot, Chief Deputy Solicitor General, for appellant.

_____