[Cite as *Maurent v. Foley*, 2026-Ohio-1103.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

FELIX MAURENT

    Appellee

v.

JERRY SPATNY, Warden

    Appellant

C.A. No.     23CA012017

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF LORAIN, OHIO
CASE No.    23CV208270

DECISION AND JOURNAL ENTRY

Dated: March 30, 2026

---

FLAGG LANZINGER, Judge.

{¶1}    Appellant, Jerry Spatny ("the Warden"),[1] appeals from the judgment of the Lorain County Court of Common Pleas. This Court reverses.

I.

{¶2}    In July 2012, Felix Maurent received a prison sentence in Delaware County. The Department of Rehabilitation and Correction ("DRC") originally calculated his release date as February 11, 2023. That calculation was based on Mr. Maurent having received an eleven-year sentence. As Mr. Maurent's release date neared, DRC recalculated his sentence. DRC determined that he had been sentenced to thirteen years rather than eleven.

---

[1] Mr. Maurent originally named Keith Foley as the respondent in this action. Mr. Foley was the warden of Grafton Correctional Institution when Mr. Maurent filed his petition. "Jerry Spatny has replaced [Mr.] Foley as the warden at Grafton and is automatically substituted for [Mr.] Foley as the appellant in this case." *Maurent v. Spatny*, 2025-Ohio-5002, fn. 1.

{¶3} In March 2023, Mr. Maurent filed a pro se petition for writ of habeas corpus in the Lorain County Court of Common Pleas. He sought his immediate release from prison based on the expiration of his sentence. The Warden moved for summary judgment on Mr. Maurent's petition. The trial court denied the Warden's motion. The trial court set the matter for hearing on Mr. Maurent's petition and appointed him counsel.

{¶4} The Warden filed a return of writ before the scheduled hearing. Mr. Maurent filed a response. Following the hearing, the trial court granted Mr. Maurent's writ and ordered his immediate release from prison.

{¶5} The Warden appealed from the trial court's judgment. Following oral argument, this Court ordered the parties to brief two additional issues: (1) whether the appeal was moot because the State did not secure a stay and Mr. Maurent was released from custody, and (2) whether a habeas petitioner's failure to strictly comply with the filing requirements of R.C. 2969.25(C) requires the reversal of the granting of a habeas writ and the dismissal of the petitioner's complaint. *Maurent v. Foley*, No. 23CA012017 (9th Dist. Feb. 21, 2024). The parties filed supplemental briefs in response to our order.

{¶6} Upon review of the supplemental briefs, this Court dismissed the Warden's appeal. In a split decision, we determined that Mr. Maurent's release from prison rendered the appeal moot. *Maurent v. Foley*, 2024-Ohio-2476, ¶ 7-12 (9th Dist.). The Warden then appealed our decision.

{¶7} The Ohio Supreme Court determined that the appeal was not moot because Mr. Maurent could be returned to prison if the Warden prevailed. *Maurent*, 2025-Ohio-5002, at ¶ 19. The Supreme Court reversed and remanded the matter to this Court for further proceedings. *Id.*

The Warden's appeal is now before us for review, raising four assignments of error. For ease of analysis, we consolidate the assignments of error.

II.

ASSIGNMENT OF ERROR I

BECAUSE MR. MAURENT HAS OR HAD A REMEDY BY WAY OF DIRECT APPEAL, HE IS NOT ENTITLED TO HABEAS RELIEF.

ASSIGNMENT OF ERROR II

SENTENCING CLAIMS, AS IN THIS CASE, ARE NOT COGNIZABLE IN HABEAS CORPUS.

ASSIGNMENT OF ERROR III

THE SENTENCING ENTRY IS NOT AMBIGUOUS.

ASSIGNMENT OF ERROR IV

IF THE SENTENCING ENTRY WERE AMBIGUOUS, THE AMBIGUITY IS RESOLVED BY ANOTHER ENTRY AND THE TRANSCRIPT OF THE SENTENCING HEARING.

{¶8} In each of his assignments of error, the Warden challenges Mr. Maurent's petition on a variety of grounds. This Court will not address the Warden's arguments. For the following reasons, we must conclude that the trial court erred when it failed to dismiss Mr. Maurent's petition.

{¶9} "An inmate seeking a waiver of the court's filing fees when commencing a civil action against a governmental entity or employee in a court of common pleas . . . must file with his complaint an affidavit stating that he is seeking a waiver of the prepayment of the court's full filing fees and an affidavit of indigency." *Robinson v. State*, 2021-Ohio-3865, ¶ 8, citing R.C. 2969.25(C). The affidavit must include, among other things, "[a] statement that sets forth the balance in the inmate account of the inmate for each of the preceding six months, as certified by the institutional cashier[.]" R.C. 2969.25(C)(1). The Ohio Supreme Court has construed these

words strictly: an affidavit that "does not include a statement setting forth the balance in [an] inmate account for *each* of the preceding six months" fails to comply with R.C. 2969.25(C)(1). (Emphasis in original.) *State ex rel. Roden v. Ohio Dept. of Rehab. & Corr.*, 2020-Ohio-408, ¶ 6. "The requirements of R.C. 2969.25 are mandatory and failure to comply with them requires dismissal of an inmate's complaint." *State ex rel. Hall v. Mohr*, 2014-Ohio-3735, ¶ 4.

{¶10}   Mr. Maurent filed with his petition for a writ of habeas corpus a certified statement of the balance of his institutional account for a six-month period.  Yet, the form he filed summarized his account activity for that entire period using lump sums.  It did not include the balance of his account for each individual month of that six-month period.  Accordingly, his statement did not comply with R.C. 2969.25's filing requirements. *See State ex rel. Roden* at ¶ 6. *Accord State ex rel. Foster v. Foley*, 2022-Ohio-3168, ¶ 10-11 (statement omitting two months of the six-month period preceding petition was defective); *State ex rel. Powe v. Lanzinger*, 2019-Ohio-954, ¶ 6-8 (statement prepared by prison cashier on behalf of petitioner was noncompliant and required dismissal of petition).

{¶11}   "R.C. 2969.25(C) does not permit substantial compliance." *State ex rel. Neil v. French*, 2018-Ohio-2692, ¶ 7.  Moreover, prior notice of a dismissal under the statute is not required as "the failure to comply with the mandatory requirements of R.C. 2969.25 cannot be cured . . . ." *State ex rel. Hall* at ¶ 5.  Because Mr. Maurent's petition did not comply with R.C. 2969.25, the trial court was required to dismiss it.[2] *Id.* at ¶ 4. *See also State v. Wright*, 2016-Ohio-5722, ¶ 11 (4th Dist.) (noting that trial court should have dismissed habeas petition on procedural

---

[2]  Although the Warden did not initially challenge Mr. Maurent's habeas petition on this basis, this Court ordered supplemental briefing on this issue.  Thus, both parties had the opportunity to present arguments. *See State v. Clark*, 2025-Ohio-4410, ¶ 32 (Hawkins, J., concurring) (noting that an appellate court can adhere to the principles of the party presentation rule through supplemental briefing).

grounds due to noncompliance with filing requirements). Accordingly, the judgment of the Lorain County Court of Common Pleas is reversed. The matter is remanded for the trial court to enter a judgment of dismissal in accordance with our decision.

## III.

{¶12} This Court declines to address the merits of the Warden's assignments of errors. The judgment of the Lorain County Court of Common Pleas is reversed, and the cause is remanded for the trial court to enter a judgment of dismissal.

Judgment reversed,
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

JILL FLAGG LANZINGER
FOR THE COURT

STEVENSON, P. J.
SUTTON, J.
CONCUR.


APPEARANCES:

KATHERINE E. MULLIN, Senior Assistant Attorney General, for Appellant.

MARGARET C. LIEUX, Attorney at Law, for Appellee.